## 19334

The STATE, Respondent, v. Max D. TESSNEAR, Appellant

(185 S. E. (2d) 611)

*Messrs. Patrick E. Tracy* and *Jack F. McGuinn* of Columbia, *for Appellant,* cite:

*Phillip K. Wingard, Esq., Sol.,* of Lexington, *for Respondent.*

December 14, 1971.

Lewis, Justice:

Appellant, Max D. Tessnear, was convicted of the offense of assault and battery with intent to kill and received a sentence of fifteen years, from which he has prosecuted this appeal. There are only two questions preserved for review.

The first question concerns the refusal of the trial judge to grant a mistrial because of an alleged improper question asked a witness, Fred Branham, by the solicitor. During the cross examination of this witness by the solicitor, he was asked as to his business connections with appellant. The witness denied that he and the appellant had ever "carried on any business together." When the solicitor then began to inquire: "Didn't arrange a fake automobile accident on April the . . .?" the trial judge immediately interrupted and refused to permit the completion of the question. Subsequently, after a recess for lunch, counsel for appellant unsuccessfully moved for a mistrial on the ground that the foregoing uncompleted question prejudicially affected the appellant by improperly placing his character in evidence. Error is assigned in the refusal of the motion for a mistrial.

The question concerning the alleged fake automobile accident was not completed and was not further pursued in the presence of the jury. Under the circumstances, we think that the trial judge properly exercised his discretion in refusing the motion for a mistrial.

Appellant next contends that the trial judge erred in sentencing him to fifteen years under the provisions of Section 16-93.1, Supplement to the 1962 Code of Laws; and that sentence should have been imposed under Section 17-553, 1962 Code of Laws, which provided a maximum sentence of ten years (*State v. Hill,* 254 S. C. 321, 175 S. E. (2d) 227).

Section 16-93.1 was enacted at the 1969 Session of the General Assembly. By its terms, the offense of assault and battery with intent to kill was made a felony and the maximum punishment for the crime was increased from ten to twenty years. The elements of the offense were in no way affected.

Sentence was properly imposed under Section 16-93.1. That section became effective on July 14, 1969. The crime

for which appellant was convicted occurred on July 23, 1969, approximately nine (9) days after Section 16-93.1 became effective. The law in effect at the time the crime was committed controlled the imposition of sentence.

Appellant has also alleged error in several other particulars, to wit: (1) The defendant was denied a speedy trial; (2) privately retained counsel was permitted to assist in the prosecution; (3) a gun and bullets were improperly admitted in evidence; (4) the court failed to properly instruct the jury as to the law in certain particulars; (5) the court failed to grant a mistrial because of statements made by the solicitor during the trial; (6) prejudicial testimony by the former wife of appellant was admitted in evidence; and (7) additional instructions given by the court to the jury to prevent a mistrial were prejudicial.

The foregoing questions were not timely raised by proper objections or motions during the trial of the case and are, therefore, not available to appellant on appeal. The exceptions which attempt to raise these issues are accordingly overruled.

Appellant contends under the remaining exceptions that the lower court erred in (1) refusing to grant a motion for a change of venue and (2) refusing his motion for a directed verdict of acquittal. The factual showing upon which the motion for a change of venue was purportedly based is omitted from the appeal record, and also much of the material testimony relative to the facts surrounding the actual commission of the crime are not included.

A determination of whether the motions for a change of venue and directed verdict should have been granted requires a review of the material facts upon which the lower court acted. Since the pertinent facts are not included in the record, we cannot consider these questions. *State v. Smith,* 165 S. C. 215, 163 S. E. 639; *Wilson v. American Casualty Co.,* 252 S. C. 393, 166 S. E. (2d) 797.

There remains for consideration a motion by appellant for the entry of a judgment of reversal because of the failure of the respondent, the State, to file a brief. The motion is denied.

While Rule 8, Section 9, of the Rules of this Court, as amended, establishes time limits for the filing of briefs by both the appellant and respondent and constitutes the failure of appellant to file a brief an abandonment of his appeal, we have never construed the rule so as to make the failure of respondent to file a brief, *per se,* a confession of error.

We point out, however, that counsel for a respondent owes a high duty to his client and this Court to timely file a responsive brief, whether representing the State or a private individual.

While we do not construe the failure of respondent to timely file a brief, *per se,* a confession of error, the right is reserved to give the failure to file a responsive brief such effect as the particular circumstances may warrant and to take such action in each case as may be justified. The complete absence of any merit in this appeal affords ample basis for the denial of appellant's motion.

All exceptions are overruled and the judgment is affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, J. J., concur.