20620

Doris F. JONES, Respondent, v. Paul Ray JONES, Appellant.
(241 S. E. (2d) 904)

*W. T. Johnson, Jr.,* of Conway, *for Appellant,*

*Eldridge R. Inman,* of Conway, *for Respondent.*

February 23, 1978.

GREGORY, Justice:

This appeal is from the order of the lower court awarding Mrs. Jones lump sum alimony and the exclusive use of the family residence. We affirm the award of lump sum alimony and remand to the lower court in accordance with Rule 27 of the Family Court Rules on the issue of Mrs. Jones' use of the family residence.

Mr. and Mrs. Jones were married in the early 1950's and have three children. At the time of these proceedings the oldest child was 24 and the two minor children were 16 and 9. In June 1973 Mrs. Jones initiated an action against her husband for a divorce *a vinculo matrimonii* on the grounds of physical cruelty, habitual drunkenness, and adultery. In an order dated January 15, 1977, the lower court granted Mrs. Jones' prayer for a divorce on the grounds of physical cruelty and habitual drunkenness; awarded Mrs. Jones custody of the two minor children and the use of the family residence "so long as she does not remarry" and all furnishings therein; and ordered Mr. Jones to pay $36,000 as lump sum alimony or in lieu thereof to pay $150.00 per month from January 1977 through October 1977 and then convey to Mrs. Jones all of the cleared land on his farm for a term of twelve years so that she can rent the same for her support.

Mr. Jones appeals from the award of lump sum alimony and the provisions for an alternate method of payment, and from the award to Mrs. Jones of the use of the family residence.

In equity actions such as this where the case was heard by the family court judge, this Court will review the entire record for the purpose of determining the facts in accordance with our own view of the preponderance of the evidence. *Wood v. Wood,* S. C., 239 S. E. (2d) 315 (1977).

Mrs. Jones testified that appellant had failed to provide for her support and the support of their children for a period

of five years preceding this action. She testified that Mr. Jones had been using alcohol excessively for at least ten years, and had not been regularly employed for some time. Her attempts to obtain support from him through legal process were thwarted when he moved to North Carolina to evade the support orders. The unsettled estate of Mr. Jones' mother provided some support for Mrs. Jones and her children, and Mrs. Jones' family assisted her to a large extent. Mrs. Jones testified that Mr. Jones told her he would leave the country before he would support his family.

Mr. Jones did not attend the hearing and presented no testimony.

When the estate of Mr. Jones' mother was settled, he inherited 245 acres more or less of farm land and wooded property located in Horry County and valued at approximately $98,183.50. Forty acres are cleared and have a tobacco allotment of 15,289 pounds. Additionally, Mr. Jones inherited a partial interest in a tract of land in North Carolina which he sold for $25,000.00. Mrs. Jones received $9,000.00 from the sale. She used a portion to pay back debts and placed the remainder in savings.

The lower court awarded Mrs. Jones $36,000.00 as lump sum alimony after finding that Mr. Jones "due to his regular and excessive drinking, is failing to properly attend his business and this Court is convinced that in a short while he will probably dissipate the property and at present it does not appear that award [sic] of alimony in installments would provide the plaintiff [Mrs. Jones] with any award on which she could rely."

Mr. Jones has an estate valued in excess of $98,000.00. His past conduct and statements demonstrate both his inability and his unwillingness to provide support for his family in regular installments. An award of lump sum alimony was appropriate, and neither party challenges the amount specified by the lower court. Accordingly,

we affirm the lower court's order awarding Mrs. Jones $36,-000.00 lump sum alimony.

The lower court's order also specified an alternate method of satisfying the alimony award. Under the terms of the order, Mr. Jones has the option of conveying to Mrs. Jones for a period of twelve years all the cleared land he inherited from his mother. This conveyance would enable Mrs. Jones to receive the income derived from renting the property and to utilize the same for her support. While the lower court lacks jurisdiction, absent consent, to order Mr. Jones to convey his real property to Mrs. Jones, it may give Mr. Jones the option of making such a transfer as an alternate method of satisfying the alimony award.

Mr. Jones next appeals the award to Mrs. Jones of the exclusive use of the family residence and argues that the lower court erred by granting more relief than was sought in the complaint. The complaint does not specifically request an award of the use of the family residence, but does contain a prayer for "such other and further relief as to this Court may seem just and proper." In awarding Mrs. Jones the use of the family residence the trial judge failed to set forth the salient facts and conclusions of law upon which this award was based, as required by Rule 27 of the Family Court Rules [formerly Rule 13]. The record is insufficient to permit a review by this Court, and we remand to the Family Court of the Fifteenth Judicial Circuit for further consideration. *Johnson v. Robinson*, 267 S. C. 660, 230 S. E. (2d) 815 (1976).

Affirmed in Part and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.