21771

Ruby Attaway QUARLES, Appellant, v. Henry Clinton
QUARLES, Respondent
(294 S. E. (2d) 341)

*Dudley H. Britt, Jr.*, and *William P. Donelan, Jr.* and *Terry
A. Finger*, of *Donelan & Donelan*, Columbia, *for appellant.*

*Nikki G. Setzler*, West Columbia, and *James B. Richardson,
Jr.*, Columbia, *for respondent.*

August 9, 1982.

LEWIS, Chief Justice:

This action for separate support and maintenance, in-
stituted by appellant (wife), resulted in a decree (1) holding
that she had failed to prove her entitlement to support or that
the respondent (husband) had failed to furnish her reasonable
support, (2) adjudicating a division of the personal property,
(3) awarding the wife exclusive use and possession of the
marital home which is jointly owned by the parties, and (4)
awarding a reasonable fee for the wife's attorney. The wife
has appealed assigning error in the refusal of her request for

separate support and maintenance and the alleged failure of the court to allow her an equitable interest in savings accounts formerly in the names of both parties.

Since this is an equity action heard by the family court judge, this Court will review the record for the purpose of determining the facts in accordance with our own view of the preponderance of the evidence. *Jones v. Jones*, 270 S. C. 280, 241 S. E. (2d) 904.

We find no abuse of discretion in the disposition by the lower court of the issue of equitable distribution, and affirm that portion of the decree under Rule 23 of the Rules of Practice of this Court. We conclude, however, that the court was in error in denying separate support and maintenance for the wife.

The parties were married in 1938 and, after living together for almost forty-one (41) years, separated in 1978. Since the separation, the wife has had exclusive possession of the jointly owned marital home and the husband has voluntarily made contribution to the maintenance of the home, in addition to a monthly payment to the wife for support in the amount of two hundred ($200.00) dollars and maintenance of health insurance for her.

The trial judge held that the wife was sufficiently at fault in the separation to deprive her of any right to support. This conclusion is not grounded upon the record, however. As indicated below, we do not find the wife to be blameless in this case, but we likewise cannot find that she should be barred of all right to support from the husband with whom she lived for forty-one years. We note that during the separation the husband made voluntary contributions to her support which surely indicates that he himself recognized some continuing obligation to reasonably provide for his wife within his means.

It is admitted that for a time during this marriage the wife was an alcoholic, and it appears that this fact placed considerable strain upon the relationship. Two to three years prior to the separation, however, she overcame her addiction and successfully abstained from alcohol during that period.

The husband contended that the wife thereafter became irritable and sullen, given to such constant nagging that he was driven from the house. Other testimony in fact supported

the claim that the wife was less than amiable toward her spouse. On the other hand, the wife alleged adultery on the part of the husband, and there is testimony from which philandering at least may be soundly inferred. A cheerful disposition could hardly be expected from a wife burdened with such suspicions. Viewed in this light, the alleged nagging that led to the separation may well have arisen from the husband's own misconduct. Looking at the totality of circumstances, therefore, we conclude that the trial court erred in placing all the blame upon the wife.

We therefore hold that the wife is entitled to separate support and maintenance from her husband and that the trial judge was in error in holding to the contrary. The amount of the support to be provided by the husband must be determined by the Family Court and the cause is remanded for that purpose. In all other respects, the judgment is affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.