447 So.2d 996 (1984)
Lewis O. SIVERLING, Appellant,
v.
Evelyn M. SIVERLING, Appellee.
No. 83-441.
District Court of Appeal of Florida, Fifth District.
March 22, 1984.
Angus W. Harriett of Harriett & Sproull, P.A., Palatka, for appellant.
Edward E. Hedstrom of Hedstrom & Smith, Palatka, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Lewis Siverling appeals from a final judgment of dissolution of his marriage to appellee Evelyn Siverling contending that the trial court should have permitted him to amend his petition to allege a special equity in jointly-owned property of the parties. Appellee cross appeals the award of rehabilitative alimony.
*997 Florida Rule of Civil Procedure 1.190 provides for the amendment of pleadings. Subdivision (b) provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment.. .
In this case, testimony was given before a special examiner. An examination of the report of the special examiner reflects that evidence typically used to prove or disprove a special equity, e.g., the furnishing of all of the consideration for the home, the intent of the party transferring title, etc., was addressed at the hearing before the examiner.
Testimony regarding appellee's acquisition of her interest in the property was first introduced on cross-examination by appellant. Appellee went into the matter on redirect at length all without objection or qualification. Appellant also testified without objection and was cross-examined by appellee as to his contributions to the acquisition of the property as well as his intention in conveying an interest to appellee.
Amendment of a pleading after receipt of the evidence is not a matter of right. See Fla.R.Civ.P. 1.190(a). However, where issues not raised by the pleadings have been tried with the implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Florida has long followed a rule of liberality in permitting amendments. Penn Cork & Closures, Inc. v. Piggyback Shippers Assoc. of Fla., Inc., 281 So.2d 46 (Fla. 3d DCA 1973). Doubts should be resolved in favor of allowing amendments unless and until it appears that the privilege to amend will be abused. Richards v. West, 110 So.2d 698 (Fla. 1st DCA 1959). In this instance, the motion for leave to amend was made on February 18, 1983, after completion of the report of the special examiner, but prior to entry of final judgment on March 3, 1983. For some reason, a ruling on the motion was not made until March 9, 1983, after entry of the final judgment. No record of argument on the motion was made and the order denying the motion does not recite any reasons for the denial.
In view of the liberal rule regarding amendments of pleadings and the mandatory language of rule 1.190(b) when issues have been tried with the parties' express or implied consent, we can ascertain no valid reason for denying the motion to amend. Accordingly, we reverse the order below denying appellant's motion to amend.
Appellant also contends that he has conclusively demonstrated his entitlement to a special equity, and that not only should the trial judge have granted the amendment, he should have declared a special equity for appellant. We disagree. We have been burdened by appellant's disregard of the requirements of Florida Rule of Appellate Procedure 9.210(b)(3) requiring references to the record and perhaps have overlooked the "conclusive" showing to which he refers. However, it is obvious that the court below did not consider the evidence in support of a special equity because of its denial of the motion to amend. We therefore remand for reconsideration after the amendment.
On cross appeal, appellee contends she should have been awarded permanent alimony instead of rehabilitative alimony. The evidence revealed that appellee has been employed in the past as a sales clerk. The marriage is of relatively short duration (six years) and appellee has been unemployed for only a few years. There was no showing that she could not become self-supporting within the rehabilitative period. We therefore conclude there was no abuse of discretion by the trial court in failing to award permanent alimony. See O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982); Myrick v. Myrick, 402 So.2d 452 *998 (Fla. 5th DCA 1981); Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981).
We recognize that appellee's need for alimony may be affected by the court's decision regarding appellant's claim for a special equity. On remand, the court may receive such further evidence touching on the issue of the husband's entitlement to a special equity and appellee's need for alimony as it deems necessary.
AFFIRMED in part, REVERSED in part and REMANDED for further consideration consistent herewith.
COBB and COWART, JJ., concur.