0252

Henry A. MILLIS, III, Respondent, v. Dolly Joanna MILLIS, Appellant.

(320 S. E. (2d) 66)

Court of Appeals

*Robert N. Rosen,* of *Rosen, Oberman & Rosen,* Charleston, *for appellant.*

*Gedney M. Howe, III,* Charleston, *for respondent.*

Heard June 25, 1984.

Decided Sept. 6, 1984.

GARDNER, Judge:

In this divorce case, the trial judge awarded custody of the ten-year old son of the parties to appellant wife, granted child support of $400 per month (plus life and health insurance), divided the personal and real property by awarding the wife a 20 percent interest in the marital home, awarded the wife $500 attorney's fees and awarded lump sum alimony by payment of $300 per month for 24 months and $200 per month for the next 36 months. We affirm in part; reverse in part and remand.

The wife appeals; the issues are whether the trial judge abused his discretion by (1) the lump sum alimony award, (2) limiting the award for equitable distribution to 20 percent of the marital assets, (3) the amount of the support payments and (4) the amount of the attorney's fees.

After 14 years of marriage, the husband claimed that the wife spent too much time with women younger than she; the parties differed somewhat about the wife's working, but the record discloses no adultery, alcoholism or physical cruelty. Both parties asked for a no-fault divorce on the grounds of separation for a year, and the divorce was granted for this reason.

The husband inherited a trust fund from which the down payment on the marital home was made. At the time of the divorce the husband was earning at least $40,000 per year before taxes and enjoyed a monthly after-tax income of approximately $2,300.

### 1.

The agreed Statement of the Case designates the alimony award as a lump sum award.

The power to award lump sum alimony should be exercised only where special circumstances require it or make it advisable, and an award of a lump sum as permanent alimony should be supported by some impelling reason for its necessity or desirability. However, "a lump sum judgment ..., while not favored, will be given or decreed either in exceptional cases, or when consented to. . . ." *Matheson v. McCormac*, 186 S. C. 93, 195 S. E. 122, 125 (1938). This has been the consistent view of our Supreme Court since 1938.

The husband, in effect, argues that the lump sum award was rehabilitative alimony; this is not persuasive for two reasons. First, rehabilitative alimony has yet to be recognized in this state by either appellate court. Second, in order to award rehabilitative alimony, if recognized by our appellate courts, specific findings of fact,[1] not here made, relevant to rehabilitative alimony, would be required at the trial level. Perhaps this case is a proper vehicle to present rehabilitative alimony for decision by an appellate court of this state; if so, it must be done first at the trial level.

As the record appears, there is no special circumstance upon which to base a lump sum award and no foundation or findings of fact upon which to consider rehabilitative alimony. The trial judge erred by the lump sum alimony award.

### 2.

The wife next argues the trial judge erred in awarding her only 20 percent of the marital home as equitable

---

[1] See *Molnar v. Molnar*, W. Va., 314 S. E. (2d) 73 (1984); *Markarian v. Markarian*, 2 Conn. App. 14, 475 A. (2d) 337 (1984); *Siverling v. Siverling*, 447 So. (2d) 996 (Fla. 5th DCA 1984); 24 Am. Jur. (2d) *Divorce and Separation*, § 746-48 (1983); Annot., 97 A.L.R. (3d) 740 (1980).

distribution of the marital estate. We disagree. The award made, considering guidelines heretofore established,[2] was within the discretionary authority of the trial court.

### 3.

The wife next argues the child support award is insufficient. Child support is largely within the discretion of the trial judge whose decision will not be disturbed absent abuse of discretion. *Corley v. Rowe*, 280 S. C. 338, 312 S. E. (2d) 720 (1984). Conceding the award to be modest under the circumstances, the writer is not persuaded there was such an abuse of discretion as to require reversal.

### 4.

The trial court failed to make specific findings of fact as to the amount of attorney's fees for the wife as required by Family Court Rule 27(C) and the mandate of *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (1983).

### *Conclusion*

The judgment of the court below is affirmed as to child support and the equitable distribution award; it is reversed and remanded for such proceedings as are necessary for findings of fact as to alimony and attorney's fees and orders pertaining thereto.

First, upon remand, the trial judge must decide what type alimony is most likely to do justice in this case, and based upon his findings of fact, to be contained in his order, decree periodic alimony, lump sum alimony or rehabilitative alimony. Should lump sum or rehabilitative alimony be awarded, the trial judge will fully document the reason(s) for the award.[3]

Second, upon remand, testimony must be taken pertaining to attorney's fees for the wife, and the trial judge must, based upon findings of fact contained in the order, decree the amount of attorney's fees, if any, to be allowed for the wife.

Accordingly, the appealed order is

---

[2] See *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982); *Rogers v. Rogers*, 280 S. C. 205, 311 S. E. (2d) 743 (1984).

[3] Nothing in this opinion should be construed to hold that this court has decided to approve of rehabilitative alimony; we do not reach this issue.

Affirmed in part; reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.