0474

Dora B. HENDRICKS, Respondent, v. John D. HENDRICKS, Appellant.
(330 S. E. (2d) 553)

Court of Appeals

*Felix L. Finley, Jr.,* of *The Finley Law Firm,* Pickens, *for appellant.*

*Kenneth C. Porter,* of *Porter & Rosenfeld,* Greenville, *for respondent.*

Heard March 20, 1985.

Decided May 17, 1985.

SHAW, Judge:

Respondent Dora B. Hendricks brought this action against appellant John D. Hendricks, seeking a divorce, equitable distribution of the marital property, alimony, and attorney's fees. The family court allocated the property and awarded lump sum alimony and attorney's fees. We affirm.

In appeals from family courts this court has jurisdiction to find the facts in accordance with its own view of the preponderance of the evidence. *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706, 708 (1984); *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976).

Mr. and Mrs. Hendricks married in 1949. In 1964 Mr. Hendricks deserted the marital home and went to Florida, leaving Mrs. Hendricks with four children ages two to fifteen and five past-due installments on the home mortgage. Mrs. Hendricks worked two jobs as a seamstress, put three of her children through college, and paid-off the mortgage. Now she is in poor health. There was disputed testimony regarding whether Mr. Hendricks supported his family since he left: Mrs. Hendricks testified he sent her no funds, but he testified he sent either her or the children approximately $3,000. Mr. Hendricks inherited non-marital real property valued between $120,000 and $60,000. Mrs. Hendricks' appraiser testified his 193 acres are worth $625 each; however, Mr. Hendricks testified his 172 acre tract is not worth more than $300 per acre and his 21 acre tract is worth between $300 and $400 per acre.

I

The court gave Mrs. Hendricks the marital home as an equitable distribution of the marital property. Mr. Hendricks argues the court erred in granting relief not sought in the pleadings because Mrs. Hendricks petitioned for the "home as alimony." The court properly disregarded Mrs. Hendricks' request for the home as alimony because it "is well settled a court may not unconditionally order the transfer of property as alimony or in lieu thereof." *Poniatowski v. Poniatowski*, 275 S. C. 11, 266 S. E. (2d) 787,

788 (1980). We hold the court did not err in giving Mrs. Hendricks the home as an equitable distribution because (1) her petition also states she "is entitled to an equitable division of all the real and personal property acquired during the marriage of the parties," and (2) the court made findings of fact regarding most of the factors enumerated in *Shaluly v. Shaluly*, ___ S. C. ___ , 325 S. E. (2d) 66, 68 (1985).

## II

The court also gave Mrs. Hendricks $30,000 lump sum alimony. Family courts have the power to award lump sum alimony, and the award rests in their discretion. S. C. Code Ann, § 20-3-130 (1976 & Supp. 1984); *Jeffords v. Hall*, 276 S. C. 271, 277 S. E. (2d) 703, 704 (1981). However, this power "should be exercised only where special circumstances require it or make it advisable." *Millis v. Millis*, 282 S. C. 610, 320 S. E. (2d) 66, 67 (Ct. App. 1984); *Matheson v. McCormac*, 186 S. C. 93, 195 S. E. 122, 125 (1938). The Supreme Court found special circumstances and approved an award of lump sum alimony in *Jones v. Jones*, 270 S. C. 280, 241 S. E. (2d) 904, 905 (1978). In *Jones* the trial judge feared a spouse who had failed to support his family for five years would dissipate his property. The Supreme Court also found special circumstances and approved a lump sum award in *Murdock v. Murdock*, 243 S. C. 218, 133 S. E. 323, 326 (1963); in that case the trial judge feared a spouse who had deserted his family, moved to another state, and remarried, would not make periodic payments. The following special circumstances justify an award of lump sum alimony in this case: (1) Mr. Hendricks has not supported his family for nineteen years; (2) Mr. Hendricks has quickly spent a $45,000 inheritance by buying a truck and paying the hospital bills of a paramour in another state; and (3) Mrs. Hendricks needs funds for two operations and extensive repairs to her home. Therefore, we hold the court did not err in making a lump sum award.

## III

The court also gave Mrs. Hendricks $1,000 attorney's fees. Family courts have the power to award attorney's fees, and the award rests in their discretion.

S. C. Code Ann. § 20-3-120; *Smith v. Smith*, 253 S. C. 350, 170 S. E. (2d) 650, 653 (1969). "Factors to be taken into consideration . . . are the nature, extent and difficulty of the services rendered; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation, and the beneficial results accomplished." *Smith*, 170 S. E. (2d) at 653. Mrs. Hendricks' attorney (1) held five or six thirty minute conferences with her, (2) represented her at the hearing, and (3) obtained a beneficial result. Under these circumstances we hold the court did not abuse its discretion in its award of attorney's fees.

Affirmed.

SANDERS, C. J., and BELL, J., concur.