THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kimberly Patterson,       
Appellant,
 
 
 

v.

 
 
 
Yancey Patterson,       
Respondent.
 
 
 

Appeal From Cherokee County
Georgia V. Anderson, Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-112
Submitted February 1, 2005  Filed February 
 14, 2005

AFFIRMED

 
 
 
William G. Rhoden, of Gaffney, for Appellant.
Yancey Patterson, pro se, of Blacksburg, for Respondent.
 
 
 

PER CURIAM:  This is an appeal of the family 
 courts decision in favor of Yancey Patterson (Father) on Kimberly Pattersons 
 (Mother) motion for reduction in child support.  We affirm.1
FACTS
Yancey Patterson, Father, and Kimberly Patterson, 
 Mother, were formerly married.  In 2002, Father received custody of the couples 
 three children.  Mother received standard visitation rights contingent upon 
 [Mother] providing [Father] with monthly verification that she has seen and 
 met with her mental health doctor and/or counselor.  The family court gave 
 Father the right to suspend visitation if Mother did not comply with this order.  

Shortly thereafter, Mother was admitted to inpatient 
 treatment at Charter Hospital for alcohol abuse.  Upon leaving Charter, Mother 
 was arrested for her third driving while intoxicated (DUI) offense, though she 
 was only convicted of a DUI 2nd.  She then admitted herself into Patrick B. 
 Harris Hospital.  Following her inpatient treatment, Father suspended Mothers 
 visitation with the children.  Mother also successfully completed an outpatient 
 treatment program at Cherokee County Alcohol Commission.  
In August 2003, Mother made a motion for reduction 
 of child support and a contempt motion against Father for not allowing her to 
 see the children.  Husband answered and counterclaimed for child support arrearages 
 and to terminate or restrict Mothers visitation rights.  At a temporary hearing, 
 the trial court found Mother had significant alcohol abuse problems.  However, 
 it also recognized that it appears these problems have subsided and she is 
 continuing counseling.  
At the final hearing, following Mothers presentation 
 of her case, the family court found in favor of the Father without the Father 
 presenting any evidence.  The trial court determined that Mother is capable 
 of obtaining employment and is not entitled to a reduction or termination of 
 her child support.  However, while the original support rate of $127.15 per 
 week was to continue to accrue, Mother only had to pay $50 per week until the 
 final disposition of her social security disability claim.  This appeal followed.  

STANDARD OF REVIEW
In appeals from the family court, this court has 
 authority to find the facts in accordance with our own view of the preponderance 
 of the evidence. Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 
 154, 157 (1996).  This broad scope of review, however, does not require us to 
 disregard the findings of the trial court.  Stevenson v. Stevenson, 
 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  We are mindful that the trial 
 court, which saw and heard the witnesses, was in a better position to evaluate 
 their credibility and assign comparative weight to their testimony.  Bowers 
 v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002).
LAW/ANALYSIS

I. Involuntary Dismissal
Mother claims the trial court 
 erred in granting a directed verdict2 
 sua sponte for Father at the conclusion of her case.  We disagree.
Mother never objected to the family 
 courts action on the record filed with this court.  It is axiomatic that an 
 issue cannot be raised for the first time on appeal, but must have been raised 
 to and ruled upon by the trial judge to be preserved for appellate review.  
 Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).  
 Accordingly, this issue is not preserved for our review.
II. Child Support
Mother claims the trial court erred in not reducing 
 her child support obligation even though she was no longer employed.  We disagree.  

The trial court can modify prospective child support 
 awards as circumstances warrant, but usually only upon a showing of changed 
 circumstances, including the ability of a supporting parent to pay.  Calvert 
 v. Calvert, 287 S.C. 130, 137, 336 S.E.2d 884, 888 (Ct. App. 1985).  Furthermore, 
 to warrant a modification in . . . child support, the change of circumstances 
 must be either substantial or material.  Id. at 138, 336 S.E.2d at 888.  
 The amount of child support awarded is within the sound discretion of the trial 
 court whose decision will not be disturbed on appeal absent an abuse of discretion.  
 Millis v. Millis, 282 S.C. 610, 613, 320 S.E.2d 66, 67 (Ct. App. 1984).  

Mother testified that a doctor from Charter told her 
 she could not work, though she provided no affidavit to that effect.  Susan 
 Lineberger, Mothers counselor, also testified that Mothers psychiatric limitations 
 would make it almost impossible for anything except a sheltered workshop setting, 
 you know, where they just work for an hour or two a day.  However, Lineberger 
 made a contrary statement to the unemployment office.  Mother discounted her 
 own witnesss contrary statement to the unemployment office that Mother was 
 okay to return to work on 3-11-2003 by arguing that Lineberger is not a doctor.  
 Shes a counselor.  Mother also admitted to signing numerous documents at the 
 unemployment office stating that she was able to work.  
Although Mother had no income sources other than her 
 family, they contributed significant amounts towards her child support payments 
 and housing expenses.  The trial court determined that they could continue to 
 do so.  At the time of trial, Mother was also pursuing a social security disability 
 claim, which the trial court recognized had already been denied twice.  
Based on this evidence, the trial court was not 
 satisfied [Mother was] disabled and [could not] work.  The trial court was 
 in a better position to evaluate the parties credibility and assign comparative 
 weight to their testimony.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 
 610, 613 (Ct. App. 2002).  Therefore, we find the trial court acted within its 
 discretion in deciding to retain the current child support obligation.  The 
 order of the trial court contemplated Mothers situation and provided a reasonable 
 procedure to review and evaluate any changed circumstances in the processing 
 of her disability claim.  In its order the court set up a review every ninety 
 days of the status of Mothers social security claim.  We will not disturb this 
 decision.  
CONCLUSION
For the reasons stated herein, the trial courts 
 decision is hereby 
 Affirmed. 
 GOOLSBY, HUFF and STILWELL, JJ., concur.

 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 2 For a bench trial it would have been an involuntary 
 nonsuit rather than a directed verdict.