THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Gregory S. Hart, Appellant,
v.
Cynthia Hart, Respondent.
 
 
 

Appeal From Charleston County
 Robert S. Armstrong, Family Court Judge

Unpublished Opinion No. 2006-UP-116
Submitted February 1, 2006  Filed February 24, 2006

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
Gregory Samuel Forman, of Charleston, for Appellant.
Cynthia Hart, of New Smyrna, Florida, pro se.
 
 
 

 PER CURIAM:  In this post-divorce matter, Gregory S. Hart, the husband, appeals a family court order issued pursuant to a rule to show cause brought by Cynthia Hart, the wife.  We affirm in part, reverse in part and remand.[1]
FACTS AND PROCEDURAL HISTORY
On October 5, 2004, the parties appeared before the family court to request approval of an agreement they had reached concerning the division of their property and other matters incident to their divorce.[2]  The agreement required, among other things, that the husband deliver to the wife various items of personal property and compensate her for her equitable interest in his business by paying monthly installments secured by a note and non-interest-bearing second mortgage on his primary residence.  The wife was to assume responsibility for the costs associated with the preparation and filing of the mortgage and all costs associated with extinguishing the mortgage when the husband satisfied the debt.  The family court approved the agreement and filed an order to that effect on October 7, 2004.  
The following month, the family court issued a rule to show cause against the husband based on a complaint filed by the wife alleging in pertinent part that the husband failed to return certain items, the husband returned other items in damaged condition, and the husband failed to execute the note and mortgage prepared by her attorney.  
A hearing on the rule to show cause took place March 10, 2005.  Both parties testified.  In addition, the husband called attorney Dean Porter as an expert witness regarding problems with the mortgage as drafted by the wifes attorney.  
Several weeks later, the family court issued an order on the rule to show cause.  In the order, the family court (1) found the husband had violated the agreement by failing to deliver various personal effects to the wife, but held a finding of contempt in abeyance pending his return of a mattress set and a Bombay entertainment center; (2) ordered the husband to pay the wife $200 for the value of damaged property; (3) ordered the husband to execute the note and mortgage; and (4) ordered the husband to pay $500 toward attorney fees and costs incurred by the wife in pursuing the contempt action.  The husband appeals this order.
DISCUSSION
1.  At the outset, we note the wife has not filed a brief in this appeal.  Although we recognize this failure is not necessarily a stipulation of error in the appealed order,[3] we nevertheless may take such action as [we] deem proper,[4] including reversing the judgment below.[5]  We find it appropriate to avail ourselves somewhat of this prerogative given the substantial issues of fact raised in this appeal and the authority of this court to take its own view of the evidence in an equity matter.[6] 
2.  The husband takes issue with the family courts finding that, contrary to the parties agreement, he failed to return the wifes dive equipment.  We agree with the husband that the preponderance of the evidence does not support this finding.  
Exhibit A, which is referenced in the order approving the parties agreement, listed dive equipment as one of the personal effects that the husband was to deliver to the wife.  The agreement, however, did not enumerate the specific items of diving gear that the wife was to receive.  The family court determined the husband returned only the wifes diving fins and still needed to return her wet suit, dive mask and snorkel.  Although it appears from the record that the wife offered some testimony suggesting she had owned a ladies wet suit, dive mask, and snorkel, another exhibit referenced in the order lists the dive equipment as an item bought by the husband as a gift to the wife during the marriage and values it at $200.  When the husband presented his case, he testified that he purchased the wife only a set of fins for about $180.  He acknowledged he and the wife had gone diving on their honeymoon in Greece, but explained they used rented equipment and had not dived since that time.  The record does not reflect that the wife presented any reply evidence refuting the husbands assertions.  
3.  We disagree with the husband that the family court erred in finding that he failed to return the leather top end table.  The family court made no such finding; therefore, no error occurred.  
At the hearing, the wife acknowledged the husband had provided her a leather top end table, but stated it was not the leather top end table she was expecting to receive.  The husband, however, testified that the leather top end table he returned to the wife was the only such table of which he was aware and that neither party owned a table fitting the description of the item that the wife claimed belonged to her.
According to the appealed order, the family court recounted the wifes testimony and noted the item in dispute appeared on one of the exhibits referenced in the order approving the agreement.  There is no finding in the appealed order, however, that the husband failed to return the correct table.  
Furthermore, the family court neither imposed a finding of contempt against the husband for his alleged failure to give the wife the desired table nor made avoidance of such a finding conditional on the return of the item.
4.  We agree with the husband that the family court erred in ordering him to pay $200 to the wife for damaged property.  In her complaint on the rule to show cause, the wife alleged the husband damaged eleven items that he was supposed to return to her:  a red velvet chair, a green animal print chair, the glass door of an entertainment center, a coffee table, a dryer, three end tables, a green room rug, her bicycle tires, and the frame and glass from a print.  Contrary to the wifes allegations, however, the family court specifically found the husband had not damaged the coffee table, rug, or picture frame and made no finding that he had damaged any of the remaining items.  Because there are no findings that the husband was responsible for any of the alleged damage, it follows that he should not have to pay anything to the wife.
5.  We disagree with the husband that the family court erred in finding that the Bombay entertainment center was part of the Bombay set he had agreed to return to the wife.  According to literature from the Bombay Company that the wife submitted into evidence, the four pieces that the wife acknowledged the husband returned to her were from the Haberdasher collection and the entertainment center was called a Haberdashers Entertainment Cabinet.  The husband testified only that he thought the entertainment center was separate from the other pieces of furniture, but gave no specific facts as to why he believed this.  According to our view of the preponderance of evidence, then, it was reasonable for the family court to find the entertainment center was part of the set of furniture that the husband was to return to the wife.
6.  Regarding the note and mortgage, the husband argues to the extent the courts finding indicates the ex-husband is somehow responsible for the problems with the note and mortgage, there is simply no factual basis to sustain that finding.  We do not interpret the appealed order as finding the husband to be at fault regarding the problems with the preparation of the note and mortgage; therefore, we do not address this issue.
7.  The husband claims the family court erred in failing to grant his claim for payment of attorney Porters fees.  Because, however, the appealed order does not rule on this request and the husband did not raise this issue in a Rule 59(e) motion, he failed to preserve this issue for appellate review.[7]
8.  Finally, the husband argues the family court erred in awarding attorney fees to the wife and in denying attorney fees to him.  In view of the beneficial results obtained by the husband in this appeal, we remand this issue to the family court for further consideration.[8]
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  The parties divorce decree had already been filed.
[3]  State v. Tessnear, 257 S.C. 290, 295, 185 S.E.2d 611, 613 (1971).
[4]  Rule 208(a)(4), SCACR.
[5]  Wierszewski v. Tokarick, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992).
[6]  See Campbell v. Carr, 361 S.C. 258, 266, 603 S.E.2d 625, 629 (Ct. App. 2004) (Goolsby, concurring) (concurring in the reversal of the appealed decision and noting as reasons the equity standard of review and the presence of substantial questions of both fact and law); Hendricks v. Hendricks, 285 S.C. 591, 593, 330 S.E.2d 553, 553-54 (Ct. App. 1985) (noting that the court of appeals has jurisdiction in appeals from the family court to find facts according to its own view of the evidence).
[7]  See Noisette v. Ismail, 304 S.C. 56, 403 S.E.2d 122 (1991) (holding that, when the trial court does not explicitly rule on a question and the appellant fails to make a Rule 59(e), SCRCP motion to alter or amend the judgment on that ground, the issue is not properly before the court of appeals and should not be addressed).
[8]  See Sexton v. Sexton, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993) (reversing an attorney fees award in a divorce case because the petitioner prevailed on numerous issues on appeal).