**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Diahnnie Helper, Respondent,

v.

Vernon Helper, Appellant.

Appellate Case No. 2015-000715

Appeal From Richland County
Peter L. Fuge, Family Court Judge

Unpublished Opinion No. 2016-UP-463
Submitted September 1, 2016 – Filed November 9, 2016

**AFFIRMED**

Bradley Myers Kirkland, of Bradley M. Kirkland, LLC, of Columbia; and Stephanie Nichole Weissenstein, of McDonnell & Associates, P.A., of Lexington, for Appellant.

Diahnnie Helper, of Columbia, pro se.

**PER CURIAM:** Vernon Helper appeals an order awarding Diahnnie Helper alimony. We affirm.

1.  We find the family court did not err in finding Diahnnie was not collaterally estopped from pursuing her alimony claim.  *See McNaughton-McKay Elec. Co. of N.C. v. Andrich*, 324 S.C. 275, 279, 482 S.E.2d 564, 566 (Ct. App. 1997) ("Collateral estoppel will bar the relitigation of an issue which was actually litigated and necessary to the outcome of a prior lawsuit.").  Although the bankruptcy order was a final order that was binding on Diahnnie, we find the issue of the reserved alimony was not "essential to the prior [bankruptcy] judgment" because when Diahnnie filed the bankruptcy petition, she had not been able to locate Vernon in more than two years.  *See id.* at 280, 482 S.E.2d at 567 ("The general rule is that a confirmed plan of reorganization [in bankruptcy] is binding on the debtor and other proponents of the plan." (quoting *Paul v. Monts*, 906 F.2d 1468, 1471 (10th Cir. 1990))); *id.* at 279, 482 S.E.2d at 566-67 ("[I]n the context of bankruptcy matters, the elements required for collateral estoppel to apply are: (1) the same issue; (2) was actually litigated; (3) determined by a valid and final judgment; and (4) such determination was essential to the prior judgment.").

2.  We find the family court did not re-open the issue of equitable distribution.  Although Diahnnie requested a division of Vernon's stock incentive plan and an apportionment of debt in her complaint for alimony, the family court stated at the beginning of the hearing that it could not consider those issues and could only go forward on the issue of alimony.  In its order, the family court found Diahnnie's request for a division of Vernon's stock incentive plan and an apportionment of marital debt was barred by res judicata, and "[t]he sole issue before this [c]ourt [was] the issue of alimony as reserved in the prior" divorce order.  Thus, we find the family court did not re-open the issue of equitable distribution.

3.  We find the family court did not err in finding Diahnnie's claim was not barred by laches.  *See Strickland v. Strickland,* 375 S.C. 76, 83, 650 S.E.2d 465, 469 (2007) ("Laches is an equitable doctrine defined as 'neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done.'" (quoting *Hallums v. Hallums*, 296 S.C. 195, 198, 371 S.E.2d 525, 527 (1988))); *id.* ("In order to establish laches as a defense, a defendant must show that the complaining party unreasonably delayed its assertion of a right, resulting in prejudice to the defendant.").  Although Diahnnie brought the present action eleven years after the divorce order, there is no evidence Diahnnie delayed in bringing the action and serving Vernon once she learned his whereabouts.  Thus, Vernon failed to establish the defense of laches.

4.  We find the family court adequately considered the statutory factors for awarding alimony and properly awarded Diahnnie $75,000 in lump-sum alimony. *See Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("Alimony is a substitute for the support normally incidental to the marital relationship."); *id.* ("Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage." (quoting *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001))); S.C. Code Ann. § 20-3-130(C) (2014) (setting forth factors a family court should consider when determining whether to award alimony); S.C. Code Ann. § 20-3-130(B)(2) (2014) (providing the family court may award "[l]ump-sum alimony in a finite total sum to be paid in one installment, or periodically over a period of time, terminating only upon the death of the supported spouse, but not terminable or modifiable based upon remarriage or changed circumstances in the future.  The purpose of this form of support may include, but not be limited to, circumstances where the court finds alimony appropriate but determines that such an award be of a finite and nonmodifiable nature"); *Hendricks v. Hendricks*, 285 S.C. 591, 594, 330 S.E.2d 553, 554 (Ct. App. 1985) (stating lump-sum alimony should only be awarded "where special circumstances require it or make it advisable" (quoting *Millis v. Millis*, 282 S.C. 610, 320 S.E.2d 66, 67 (Ct. App. 1984))); *id.* (finding lump-sum alimony was appropriate when the husband had not supported his family for nineteen years and the wife needed funds for surgery and extensive home repairs); *Jones v. Jones*, 270 S.C. 280, 283-84, 241 S.E.2d 904, 905 (1978) (finding lump-sum alimony was appropriate when the husband's "past conduct and statements demonstrate[d] both his inability and his unwillingness to provide support for his family in regular installments"); *Murdock v. Murdock*, 243 S.C. 218, 225, 133 S.E.2d 323, 326 (1963) (finding lump-sum alimony was appropriate when the "husband ha[d] moved to a distant state and remarried," and "[t]here [was] little reason to think that he would have voluntarily sent periodic payments . . . had they been ordered").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.