21815

Rebecca Corley LEVER, Respondent, v. A. Frank LEVER, III, Appellant.
(298 S. E. (2d) 90)

*Thomas H. Pope* of *Pope & Hudgens,* Newberry, and *Edmund H. Monteith* of *Monteith, Monteith & Gottleib,* Columbia, *for appellant.*

*Harvey L. Golden* and *Glenda M. Greenaway,* Columbia, *for respondent.*

Nov. 24, 1982.

*Per Curiam:*

This is an appeal from a family court order increasing child support and awarding attorney's fees to respondent (Mrs. Lever). Appellant (Mr. Lever) was directed to pay $640.00 per month in child support, an increase of $90.00 per month, and was ordered to pay Mrs. Lever's attorney $200.00 in attorney's fees. Timely Notice of Intent to Appeal was filed and this appeal followed.

In an appeal from an order of the Family Court, this Court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence, and may reverse a factual finding by the lower court when appellant satisfies this Court that the finding is against the preponderance of the evidence. *Bugg v. Bugg,* S. C., 286 S. E. (2d) 135 (1982).

Some of the changes relied upon by Mrs. Lever in this instance are conditions and circumstances which were not established as "conditions" of the prior support order. See *Witt v. Witt,* 271 S. C. 541, 248 S. E. (2d) 494 (1978). Mrs. Lever established, and the family court considered, the fact that a boarder who moved in with her *after* the final divorce decree had now moved out and Mrs. Lever was deprived of that additional income. The family court also considered a future raise in salary expected by Mr. Lever and Mr. Lever's monetary contributions to his new spouse. We find the

family court abused its discretion by considering the above circumstances and by finding them to be substantial changes warranting an increase in child support. Accordingly, we reverse the portion of the order increasing child support.

There were, however, certain factors which were properly considered by the family court judge. These factors included one child's learning disability which had been diagnosed since the original decree, the actual increase in income of both parties and the current financial needs of the children. Inasmuch as the issue of child support is subject to the continuing review of the family court and subject to modification upon a proper showing of changed circumstances, *Stevenson v. Stevenson*, 276 S. C. 475, 279 S. E. (2d) 616 (1981), we remand this matter to the family court for further consideration.

Mr. Lever also contests the award of attorney's fees to Mrs. Lever's attorney. Generally, the award of attorney's fees is left to the sound discretion of the trial judge. *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). We find no abuse of discretion in this instance and affirm the award of attorney's fees.

Accordingly, the decision of the lower court is reversed in part, affirmed in part and remanded.