22906

Darlene Villa CROSS, Respondent v. Charles Hartsell CROSS, Jr., Appellant.

(374 S. E. (2d) 178)

Supreme Court

*Morris D. Rosen,* of *Rosen, Rosen & Hagood,* Charleston, *for appellant.*

*Robert B. Wallace* and *Paul E. Tinkler,* of *Wallace and Tinkler,* Charleston, *for respondent.*

Heard June 6, 1988.

Decided Sept. 26, 1988.

*Per Curiam:*

Respondent Darlene Villa Cross was granted a divorce from appellant Charles Hartsell Cross, Jr., on the ground of adultery. Appellant appeals that portion of the Family Court order which awards respondent $600 per month child support, $200 per month alimony, $5,000 in attorneys' fees and $2,000 in accountant's fees. Appellant also appeals the court's valuation of the marital estate and its decision to grant respondent approximately eighty-three percent of the marital assets. We affirm the court's order as modified and remand.

Darlene Cross worked until the birth of their only child on March 26, 1979, and resumed work in 1981. In 1984, she ceased working in order to care for their child. During the course of their nine-year marriage, Darlene Cross contributed non-marital property valued at approximately $62,208. Charles Cross's non-marital contribution consisted of an automobile and furniture. Appellant's employment income increased substantially during this period.[1] Moreover, Darlene Cross provided appellant funds from her non-marital property for real estate and stock investments, which generated additional income.[2]

I.

Appellant alleges that the Family Court abused its discretion in failing to require respondent to contribute to the support of the minor child in that respondent was receiving pension income at the time of the trial and had the ability to become gainfully employed.

---

[1] After the divorce action was commenced, appellant voluntarily left his employment and now argues, in essence, the unfairness of the Family Court's decision.

[2] During 1985, the last year appellant and respondent lived together, appellant received interest income of $8,952 and business income of $13,672 from the sale of real estate.

Both parents are obligated to support their child. *See* S. C. Code Ann. § 20-7-40 (1985). However, financial assistance is just one aspect of a support obligation. Another aspect of support includes the services parents provide for a child. Respondent is the custodial parent and has the responsibility of performing the daily services the child requires, i.e., preparing meals, helping with homework and washing clothes. *Smith v. Smith*, 294 S. C. 194, 363 S. E. (2d) 404 (Ct. App. 1987). The evidence supports the Family Court's award of child support, and we affirm its ruling. *See Sutton v. Sutton*, 291 S. C. 401, 353 S. E. (2d) 884 (Ct. App. 1987).

## II.

Appellant next alleges that the court erred in awarding alimony to respondent when the evidence showed that she receives a pension and has the ability to obtain employment. The trial court determined that Darlene Cross was entitled to alimony to maintain her standard of living, and the amount allowed was partially based upon an increase in the mortgage payments necessitated by appellant's refinancing the marital home.

If an alimony claim is well founded, then it is the duty of the court to make an alimony award that is equitable and just. *See McNaughton v. McNaughton*, 258 S. C. 554, 189 S. E. (2d) 820 (1972); *see also Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981) (the wife's contribution to the accumulation of joint wealth, the ability of the husband to pay alimony, the conduct of the parties and the standard of living of the spouse at the time of divorce are some of the factors to be considered in determining alimony). We find no abuse of discretion in the court's decision to award respondent alimony.

## III.

Appellant contends that the Family Court abused its discretion by awarding attorneys' fees to respondent when her cash award was sufficient to pay attorneys' fees; further, that he is in debt and without funds to pay such fees. "It is elementary that an award of attorney's fees is discretionary with the trial judge." *O'Neill v. O'Neill*, 293

S. C. 112, 119, 359 S. E. (2d) 68, 73 (Ct. App. 1987). In the present case, the record supports the court's decision.[3]

## IV.

Appellant argues that the Family Court erred in basing its equitable division award in part upon a $109,356 money market account when approximately $29,000 of the money was used to pay taxes.

In equity matters, this Court has jurisdiction to find ■ facts based upon our view of the preponderance of the evidence. *Mitchell v. Mitchell,* 283 S. C. 87, 320 S. E. (2d) 706 (1984). The tax liability in this case was the result of taxes imposed on a jointly owned money market account. Thus, we find that approximately $29,000 of the money market fund used by appellant to pay taxes should have been taken into account and appropriately offset, with the remainder being available for equitable distribution. *See* S. C. Code Ann. §§ 20-7-471, 472 (1985).

The record shows that the Family Court considered the appropriate reimbursement for appellant's use of respondent's nonmarital assets when making the equitable distribution award. We hold that, after the offset, respondent is entitled to the same percentage of the money market account as previously awarded. *See Cooksey v. Cooksey,* 280 S. C. 347, 312 S. E. (2d) 581 (1984). We affirm the Family Court's award of a 54.497 percent share of the money market fund to respondent.

Accordingly, the Family Court's decision is affirmed as modified, and the matter is remanded to the Family Court to make the appropriate calculations and enter judgment in accordance with this opinion. Appellant's additional exceptions are disposed of pursuant to Supreme Court Rule 23.

---

[3] *Id.*