22954

Jo-Ann Maud RADTKE, Respondent v. David Arnold RADTKE, Appellant.

(376 S. E. (2d) 275)

Supreme Court

*Robert V. DeMarco*, Charleston, *for appellant.*

*Frampton Durban, Jr.*, of the *Neighborhood Legal Assistance Program, Inc.*, Charleston, *for respondent.*

Heard Nov. 1, 1988.

Decided Feb. 6, 1989.

GREGORY, Chief Justice:

This appeal is from a family court order awarding respondent (Mother) custody of the parties' two minor children, support, attorney and guardian ad litem fees, and costs. We reverse and remand.

The parties were married in 1981 and have two daughters aged six and three years old. Appellant (Father) is in the United States Navy and has been stationed overseas for the

past several years. Mother and the two children left Father in August 1986 and returned to Charleston, South Carolina, where Mother commenced this action. On November 5, 1986, the family court awarded Father temporary custody of the children and they returned to Scotland to live with him.

After a final hearing, Mother was awarded permanent custody of the children in August 1987. The family court found she was entitled to an order of separate maintenance and awarded her unallocated support for $400.00 per month, costs, and attorney and guardian ad litem fees. This Court subsequently granted father's petition for a supersedeas of the custody order. The childrn have been in Father's custody continuously since the temporary order issued in November 1986.

First, Father contests the validity of the custody award on the ground the preponderance of the evidence does not support the family court's award of custody to Mother. We agree.

At the time of the final hearing, Mother was unemployed, pregnant with a third child of undetermined paternity, and living with her mother. Father was earning $1300 to $1400 per month and had employed full-time day care for the children in Scotland. The family court found both parties loving and fit parents who could provide an adequate home for the children but awarded custody to Mother citing the following reasons: Father must rely on child care outside the family; Dr. William Snyder, a child psychologist, testified in his opinion Mother should have custody; the children are young females; and Father is less willing to allow visitation.

The record, however, does not substantiate the family court's findings. Both Dr. Snyder and the guardian ad litem evaluated the children after they had been in Father's custody with full-time day care for the previous six months. Both concluded the children were well cared for and happy. Dr. Snyder in fact testified it was his opinion Father should be the custodial parent because of his superior financial stability. The guardian ad litem concurred favorably noting Father's emotional stability and the network of support available to him. Father testified he is willing to share transportation costs for visitation and will agree to liberal visitation.

In our view, the preponderance of the evidence supports an award of custody to Father. *See Cross v. Cross,* 374 S. E. (2d) 178 (S. C. 1988) (standard of review on appeal). Moreover, the family court erred in holding the tender years doctrine mandates that custody be given the mother because the children are young females. *Alligood v. Hunt,* 291 S. C. 368, 353 S. E. (2d) 699 (1987). We therefore reverse the custody award and remand the case for the family court to determine Mother's visitation rights and whether she should contribute child support as requested in Father's pleadings.

Next, Father contests the family court's summary award of $400 per month in unallocated support to Mother. It is error to award unallocated support absent a finding of good cause. *Aycock v. Aycock,* 284 S. C. 193, 324 S. E. (2d) 650 (Ct. App. 1984); S. C. Code Ann. § 20-3-150 (1985). The support award is remanded to determine what portion, if any, Mother remains entitled to as spousal support.

Finally, Father contests the family court order that he pay Mother's attorney fee of $1050.00, costs of $445.00, and guardian ad item fees of $584.78. The family court does not cite the factors act forth in *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977), but bases the award of costs and fees solely on Mother's success in reaping the beneficial results of this action. In view of our contrary disposition in this case, we reverse this award. Each party shall bear his or her own costs and attorney fees and shall share equally the guardian ad litem fees.

Accordingly, we reverse the custody award and award of fees and costs and remand the case for the family court to consider the issues of support and visitation.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.