## 2500

Janet T. SEXTON, Appellant v. Patrick B. SEXTON, Neely Hunter Sexton, Sr., and Neely Hunter Sexton, Sr., as Personal Representative of the Estate of Freida P. Sexton, Respondents.

(469 S.E. (2d) 608)

Court of Appeals

*Melvin L. Roberts,* of *Melvin L. Roberts & Associates,* York, *for appellant.*

*Thomas F. McDow;* and *Jack G. Leader,* of *Elrod, Jones, Leader & Benson,* Rock Hill, *for respondents.*

Heard Mar. 5, 1996.

Decided Apr. 15, 1996.

CURETON, Judge:

In this divorce action, the wife appeals various aspects of the family court's order including the amount of alimony awarded to her, the configuration of the land surrounding the marital home which was ordered sold, the division of the proceeds from the sale of the marital home, the award of child support to the husband, and the amount of attorney fees

awarded to her. We affirm in part, modify in part and reverse in part.

## FACTS

Janet T. Sexton (wife) and Patrick B. Sexton (husband) were granted a divorce on October 21, 1988, after 14 years of marriage. On October 26, 1989, the family court issued a final order determining all of the remaining issues of the divorce. The husband appealed that order and this court remanded several issues to the trial court. *Sexton v. Sexton*, 308 S.C 37, 416 S.E. (2d) 649 (Ct. App. 1992) *(Sexton II)*. The Supreme Court reversed our decision in *Sexton II* only as to the issue of attorney fees which it remanded to the trial court. *See Sexton v. Sexton*, 310 S.C 501, 427 S.E. (2d) 665 (1993) (*Sexton III*). On remand, the family court once again attempted to finally determine all issues surrounding the divorce. The wife appeals from the order on remand.

## I.

The wife first argues the family court erred in awarding her only 40% of the proceeds from the sale of the marital home. She contends the court erred in disregarding her indirect contributions to the marriage, using estimated instead of actual incomes for the parties, failing to consider the rental value of the marital home while the husband lived there for the last four years, and in failing to consider the husband's fault in the dissolution of the marriage. We find no error.

In its original order the family court awarded the wife 50% of the proceeds from the sale of the marital home. The husband appealed this apportionment, and this court reversed the award and remanded to the trial court for a more equitable apportionment. We found that a substantial portion of the value of the house was attributable to contributions made by the husband's family, both monetarily and in labor to build the house. *Sexton II.* Because we found the family court abused its discretion in awarding the wife 50% of the proceeds, the trial judge was obligated to award her less than 50% on remand. A review of the facts convinced us the trial court considered the wife's indirect contributions, understood the actual incomes of the parties, and considered the husband's use of the marital

home in making an award to the wife. Moreover, we have considered all of the factors suggested by the wife and conclude the family court did not abuse its discretion in awarding her 40% of the proceeds from the sale of the marital home.

## II.

The wife next argues the family court erred in requiring her to pay child support while at the same time awarding her alimony. In the alternative, the wife argues the family court erred in not deviating from the child support guidelines to reduce her child support obligation. In its order of November 12, 1993, the family court ordered the wife to pay $61.84 per week in child support and ordered the husband to pay the wife $100 per month in alimony. We hold the trial court did not abuse its discretion in making these awards.

Family court judges are generally required to follow the Child Support Guidelines. S.C. Code Ann. § 20-7-852 (Supp. 1995). An award of alimony is factored into an award of child support under the Guidelines.

Any award of alimony between the parties should be taken into consideration by the court when utilizing these guidelines as a deduction from the payor spouse's gross income ... and as gross income received by the recipient spouse. ... Because of their unique nature, lump sum, rehabilitative, reimbursement, or any other alimony the court may award, may be considered by the court as a possible reason for deviation from these guidelines. The purpose of this adjustment is not to give priority to alimony or child support payments. The purpose of these adjustments is to recognize that each parent's proportional share of total combined monthly income changes with the introduction of any alimony award between the parties.

27 S.C. Code Regs. 144-4720(B). Thus, while an award of alimony is a factor properly considered in determining whether a deviation from the Guidelines is warranted, the receipt of alimony does not automatically excuse a spouse from paying child support. Moreover, this court was informed during oral argument the child is now emancipated and the wife has no child support obligation at this time.

Although the family court may deviate from the Child Support Guidelines, and deviation must be justified and should be the exception rather than the rule. 27 S.C. Code Regs. 114-4710 (Supp. 1995). The wife argues there is a substantial disparity in income between the parties that justifies deviation from the Child Support Guidelines. The wife's gross monthly income is $1,624 and the husband's is $2,208. This difference of $584, of 15% of the parties' combined monthly income, is not sufficient to warrant a deviation from the Guidelines, and the trial judge did not abuse his discretion in adhering to the Guidelines. *See* 27 S.C. Code Ann. Regs. 114-4710(B)(11) (Supp. 1995) (including, as possible reason for deviation from Guidelines *"[s]ubstantial* disparity of income in which the noncustodial parent's income is significantly less than the custodial parent's income, thus making it financially impracticable to pay the amount the Guidelines indicate the noncustodial parent should pay.") (Emphasis added).

### III.

Next, the wife argues the family court erred in awarding her only $7,500 of the $23,161.85 she claimed she has incurred in attorney fees. The award of attorney fees in a divorce action and the amount thereof are matters within the discretion of the trial judge and his ruling will ordinarily not be disturbed on appeal. *Lever v. Lever*, 278 S.C. 433, 298 S.E. (2d) 90 (1982); *Rish v. Rish*, 296 S.C. 14, 370 S.E. (2d) 102 (Ct. App. 1988). While we agree the trial judge should not have awarded the full $23,161.85 in attorney fees, we suspect the trial judge mistakenly interpreted the Supreme Court's order in *Sexton III* to require him to award less than the amount of the original award of $9,000.

Initially, the family court awarded the wife $9,000 in attorney fees. *Sexton II*, 308 S.C. 37, 416 S.E. (2d) 649. This court upheld that award on appeal, but remanded to the family court on other issues. The Supreme Court then reversed this court and held the issue of attorney fees should be remanded as well since the award of attorney fees was inextricably linked to the other issues on remand. *Sexton III*, 310 S.C. 501, 427 S.E. (2d) 665. However, the Supreme Court expressed "no opinion whether $9,000 is an appropriate award in this case." *Id.* at 504, 427 S.E. (2d) at 666.

At the July 27, 1993 hearing the family court judge stated:

> [The Supreme Court] said, "We express no opinion whatever whether the $9,000 is an appropriate award in this case." Well if I believed that, I would be a candidate to buy the Catawba River Bridge. Their opinion clearly tells me that I have got to give emphasis to the ability of the parties, and that is the ability of the husband to pay.

While the husband's ability to pay is an important factor to consider, the family court judge was not constrained to award less than $9,000 in attorney fees on remand. Furthermore, at the time of the original order of $9,000 in attorney fees, the wife was only requesting $12,000 in total fees. *Sexton II*, 308 S.C at 44, 416 S.E. (2d) at 654. At the time of the hearing on remand, the wife was requesting $23,000 in total fees. Beneficial results obtained by the parties on appeal and remand should be considered in determining the adequacy of the attorney fee award. *Sexton III*, 310 S.C. at 503, 427 S.E. (2d) at 666. The Supreme Court has reversed an attorney fee award where the substantive results achieved by a party were reversed on appeal. *E.D.M. v. T.A.M.*, 307 S.C. 471, 415 S.E. (2d) 812 (1992); *Radtke v. Radtke*, 297 S.C. 260, 376 S.E. (2d) 275 (1989). Admittedly, the husband has been the overall prevailing party in the divorce appeals. Additionally, as noted by the Supreme Court in *Sexton III*, it was appropriate for the trial court to consider the fact that a portion of the wife's attorney fees was incurred in litigating with her in-laws whether the house was marital property. Considering the beneficial results obtained by the parties, the abilities of the parties to pay their attorney fees, and other appropriate factors for awarding attorney fees, we modify the award to reinstate the original award of $9,000.

## IV.

The wife also argues the family court erred in failing to consider her needs, her standard of living during the marriage, the husband's fault in the divorce, and the remaining factors set forth in S.C. Code Ann. § 20-3-130(C) (Supp. 1995) in setting the amount of alimony and in making that award retroactive. We disagree.

The decision to grant or deny alimony rests within the ■■ sound discretion of the family court and the court's decision will not be disturbed on appeal absent an abuse of that discretion. *Williamson v. Williamson*, 311 S.C. 47, 426 S.E. (2d) 758 (1993); *Williams v. Williams*, 297 S.C. 208, 375 S.E. (2d) 349 (Ct. App. 1988). It is clear from the record that the family court judge considered the factors set forth in S.C. Code Ann. § 20-3-130(C) (Supp. 1995) in awarding alimony. The judge's order states:

> Alimony is based on the present incomes and abilities to earn of the parties. The plaintiff's health is superior to that of the defendant. The parties had a modest lifestyle during their marriage. The defendant had custody of the child of the parties. The plaintiff's remarriage should not be discouraged by the amount of alimony.

We find no abuse of discretion in the alimony award.

We also find no abuse in the court making the award ■ retroactive. The family court initially awarded the wife $87.20 per week in alimony. On remand, the court reduced the award to $100 per month, and required the wife to reimburse the husband for the overpayment of alimony.[1] The wife argues that under *Christy v. Christy*, — S.C. —, 452 S.E. (2d) 1 (Ct. App. 1994), the family court may not award retroactive payment of alimony unless the appellate court specifically requires the award to be made retroactive. *Christy* is readily distinguished. In *Christy*, this court modified an alimony award from $2,500 per month to $1,750 per month. On remand, the trial court made the reduction retroactive to the date of the original award. On appeal for the second time, this court stated, "an appellate modification of alimony, whether an increase of decrease, does not apply retroactively unless otherwise directed by the appellate court." In the pres-

---

[1] In dictating his findings into the record at the end of the remand hearing, the trial judge stated he wanted to put the parties in the position that all obligations owing between them could be satisfied from a sale of the marital home. The husband had a substantial alimony arrearage under the temporary order. The court apparently sought to reduce the arrearage balance by making the alimony award retroactive. The court provided, however, that if the wife should not realize sufficient funds from the sale of the marital home to satisfy the amount cleared by the retroactivity provision, then any balance would abe declared forgiven by the court.

ent case, however, this court did not modify the award of alimony, but remanded to the family court for reconsideration. The family court then made a new alimony award.

A more analogous case is the recent case of *Green v. Green*, — S.C. —, 465 S.E. (2d) 130 (Ct. App. 1995). In *Green*, the family court initially denied alimony. On appeal, this court remanded the alimony issue to the family court for reconsideration. On remand, the family court awarded alimony retroactive to the date of the original order. The husband appealed the retroactivity of the award, and this court found that such an award would not be reversed absent an abuse of discretion. Under the unique facts of this case, we find no abuse of discretion in making the reduction of alimony retroactive.

## V.

The wife next argues the court erred in ordering the ■ Commercial Credit judgment paid out of the proceeds of the sale of the marital home. A default judgment was originally obtained against both the husband and wife in November 1989. Thereafter, the judgment was vacated as to the wife in January 1990 because the wife had timely appeared in the action. Because the judgment is now solely against the husband, the wife argues the judgment should be paid only out of his share of the proceeds from sale of the marital home. We disagree. The loan was incurred to purchase the heating and cooling system for the marital home. In making an equitable apportionment of marital property, the court must consider "liens and any other encumbrances upon the marital property, which themselves must be equitably divided, or upon the separate property of either of the parties, and any other existing debts incurred by the parties or either of them during the course of the marriage." S.C. Code Ann. § 20-7-472(13) (Supp. 1995). Clearly, the trial court did not err in requiring the judgment be paid out of the gross proceeds from the sale of the marital home.

## VI.

Finally, the wife argues the family court improperly ■ configured the land to be sold along with the marital home, causing the marital home to be seriously depreciated in value and making the home more difficult to sell. We

agree. The family court originally ordered two acres of land surveyed out of the land surrounding the marital home to be deeded by the husband's parents and sold along with the marital home. To accomplish this, the family court adopted a plat prepared by Kenneth Staton, a surveyor appointed by the court, which showed a proposed configuration for 1.778 acres. The wife argues this plat does not provide for the best use of the property because it cuts off access to an existing driveway, and puts the front property line only 25 feet from the front of the house. More importantly, the plat fails to include the septic tank which she claims is part of the marital home's curtilage. She urges this court to adopt a plat prepared by her surveyor (Woodward Plat) which includes the septic tank and configures the land so that more of the approximately 2 acres of property is located on well-drained land located in front of the house, as opposed to the low-lying land in the back of the house. The Woodward plat includes a 50-foot-wide access onto a primary road and widens as it approaches the house so that the house has a more desirable front yard.

Expert appraisers for both parties testified the absence of a septic tank would adversely affect the value of the property to be sold. Additionally, the wife's expert and her surveyor filed affidavits stating the Woodward plat was more desirable than the plat adopted by the court. While the husband's expert testified the value of the property would not be adversely impacted by the configuration adopted by the court, he acknowledged the absence of a septic tank would impact on value and that he had no idea where the septic tank is located. The wife argues as well that it has not been shown that a septic tank can be installed on the low-lying land to the rear of the house. We agree that the lack of a septic tank will seriously depreciate the value of the marital home and the most feasible configuration for the lot to be sold with the house is shown on the wife's plat. Therefore, we reverse the order of the family court to the extent it adopts the plat of Kenneth Staton and instead adopt the plat of Edward Woodward.

Accordingly, the decision of the family court is affirmed in part, modified in part and reversed in part.

Affirmed in part, modified in part and reversed in part.

HOWELL, C.J. and CONNOR, J. concur.