THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wanda Lea Chavis, Appellant,
 
 
 

v.

 
 
 
 Mark Glenn Chavis, Respondent.
 
 
 

Appeal From Lexington County
 Richard W. Chewning, III, Family Court Judge

Unpublished Opinion No.  2006-UP-052
Submitted January 1, 2006  Filed January 24, 2006

REVERSED AND REMANDED

 
 
 
 Jean Perrin Derrick, of Lexington, for Appellant.
 James W. Poag, Jr., of West Columbia, for Respondent.
 
 
 

PER CURIAM:  This is an action for modification of a child support obligation.  Wanda Lea Chavis, the mother and non-custodial parent, argues on appeal that the family court cited legally deficient reasons for refusing to reduce her support obligation to the amount that she would pay under a strict application of the South Carolina Child Support Guidelines.  We reverse and remand.[1]
FACTS AND PROCEDURAL HISTORY
The mother and Mark Glenn Chavis, the father, were divorced by decree filed December 1, 2000.  The mother was unrepresented by counsel during the divorce proceedings and did not file responsive pleadings or attend the final hearing.  The father received custody of the parties child, who was then twelve years old.  In addition, based on the fathers reported gross monthly income of $780 per month and the imputation of minimum wage income of $893 per month to the mother, the family court ordered the mother to pay child support in the amount of $39 per week.  
On February 10, 2004, the mother commenced the present action by filing in forma pauperis a motion for temporary relief, summons, and complaint.[2]  In her pleadings, the mother alleged she had in fact been declared disabled by the Social Security Administration since 1992 and her only source of support was monthly supplemental security income payments of $564, plus food stamps.  
At a temporary hearing on March 4, 2004, the family court found the mother has made a prima facie showing of a change of circumstances and her sole income was social security benefits of $564 per month plus an additional $130 per month in food stamps.  Furthermore, as evidenced in his financial declaration, the father was earning $1,733 per month and paying a premium for health and dental insurance coverage for the child in the amount of $105 per month.
Although strict application of the child support guidelines would have resulted in the reduction of the mothers child support obligation to $50 per month, the family court reduced her payments at the temporary hearing from $39 to $25 per week, citing the following as reasons for the deviation:  (1) this was a motion for temporary relief; (2) the mother was living with her boyfriend, and her financial declaration revealed few monthly living expenses; and (3) the father was providing medical and dental insurance for the child and the mother should assist him with this expense.  
The final hearing in the matter took place August 11, 2004.  Although the parties respective incomes had not changed since the temporary order, the child was now on Medicaid and the father was no longer paying the medical and dental insurance premium of $105 per month.  On August 30, 2004, the family court filed a final order in the case ordering that the mothers child support payments would remain at $25 per week.  Although the family court acknowledged in the final order that [a] strict application of the Guidelines would result in a monthly obligation of $50.00, it found special circumstances exist to justify a deviation from the Child Support Guidelines, namely, that the mother was paying her boyfriend $350 per month for rent and had given him money while he was in prison.  On August 31, 2004, the mother filed a motion to alter or amend the final order, arguing that no special circumstances existed to warrant an upwards deviation from the child support guidelines.  The family court heard the motion on November 22, 2004.  On December 6, 2004, the family court filed an order denying the motion, prompting the mother to appeal to this court.  
LAW/ANALYSIS
On appeal, the mother argues the family courts refusal to adjust her support obligations to the proper amount according to the child support guidelines was an abuse of discretion.  We agree.
Child support awards are within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion.[3]  The trial court abuses its discretion when factual findings are without evidentiary support or a ruling is based upon an error of law.[4]
The South Carolina Child Support Guidelines are intended to govern all actions involving questions of child support.[5]  Although the family court may deviate from the Child Support Guidelines, any deviation must be justified and should be the exception rather than the rule.[6]
South Carolina Code section 43-5-580(b) authorizes the South Carolina Department of Social Services to promulgate regulations which establish guidelines for minimum contributions which must be applied by the courts in determining the amount that an absent parent is expected to pay toward the support of a dependent child.[7]  Although section 43-5-580 uses the term minimum contributions when describing the amount to be paid by a non-custodial parent, section 20-7-852(A) provides that [i]n any proceeding for the award of child support there is a rebuttable presumption that the amount of the award which would result from the application of the guidelines required under Section 43-5-580(b) is the correct amount of child support to be awarded.[8]  In addition, under Regulation 114-4710, which the Department of Social Services enacted pursuant to section 43-5-580, [i]n any proceeding in which child support is in issue, the amount of the award which would result from the application of these guidelines is the amount of the child support to be awarded.[9]  Although Regulation 114-4710 allows the family court to award different amounts, this can happen only upon a showing that application of the guidelines is inappropriate.[10]  If the family court sets an amount of child support that varies significantly from the amount resulting from the application of the guidelines, the regulation requires specific, written findings of those facts upon which [the court] bases its conclusion supporting that award.[11]  Regulation 114-4710(B) emphasizes the importance of using the child support guidelines, explaining as follows:  Deviation from the guidelines should be the exception rather than the rule.  When the court deviates, it must make written findings that clearly state the nature and extent of the variation from the guidelines.[12]
Section 20-7-852(C) lists twelve factors that may be possible reasons for deviation from the guidelines.[13]  An almost identical list appears in Regulation 114-4710(B), which notes that [t]hese Child Support Guidelines do not take into account the economic impact of the following factors which can be possible reasons for deviation.[14]
Applying the foregoing legal premises to the case before us, we agree with the mother that the family court abused its discretion in deviating from the Child Support Guidelines when adjusting her support obligation.  
First, contrary to what the father argues in his brief, we agree with the mother that, notwithstanding the fact that the family court reduced her child support obligation, the amount she was ordered to pay varies significantly from the amount resulting from the application of the guidelines.  For purposes of computing child support, the South Carolina Child Support Guidelines do not consider supplemental security income or food stamps as part of a parents gross income.[15]  In the appealed order the family court noted that [a] strict application of the Guidelines would result in a monthly obligation of $50.00, a statement in which counsel for both parties concur.  The amount the family court set in the final order, which computes to $108 per month, is more than twice what the mother should be paying under the guidelines.
Second, we believe the family courts stated reasons for deviating from the child support guidelines are based on errors of law.  In our view, the family courts refusal to adhere to the guidelines based on these reasons appears to reflect an unduly punitive assessment of the mothers current relationship with her boyfriend.  We are at a loss to understand how the mothers past gifts of money to her boyfriend while he was incarcerated or her present payments to him for rent fit into any of the twelve criteria enumerated by both the General Assembly and the Department of Social Services as reasons to deviate from the child support guidelines.  Moreover, the amount the mother reported to pay to her boyfriend for rent was never challenged as extravagant, and there was no evidence that the mother continued to bestow monetary gifts on her boyfriend after his release.
Finally, after reviewing the record and briefs filed in this case, we have found nothing that would indicate that a strict application of the child support guidelines in this case would be unjust or inappropriate, such as a finding that the child had special needs requiring additional expenditures from both parents beyond the amount that the guidelines require them to pay.  To the contrary, the fathers income increased significantly since the parties divorce and Medicaid is now paying the childs medical expenses.
CONCLUSION
We reverse the family courts decision to allow the mothers child support payments to continue at $25 per week and remand this case to the family court to set support according to the South Carolina Child Support Guidelines.  Any adjustment in the mothers child support based on our rulings in this opinion shall be retroactive to August 30, 2004, the filing date of the final order issued by the family court.  On remand, the family court may in its discretion consider additional evidence relevant to the issue of child support,[16] including any appropriate circumstances warranting a deviation from the child support guidelines; however, any adjustment based on a change in circumstances since the final order shall take effect upon the filing of the order on remand.
REVERSED AND REMANDED.
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  We note with gratitude to the mothers counsel that this was a pro bono representation both in the family court and in this appeal.
[3]  Smith v. Doe, Op. No. 26063 (S.C. Sup. Ct. filed November 14, 2005) (Shearouse Adv. Sh. No. 43 at 23, 27).
[4]  Id.
[5]  Price v. Ozment, 318 S.C. 168, 170, 456 S.E.2d 427, 428 (Ct. App. 1995).
[6]  Sexton v. Sexton, 321 S.C. 487, 491, 469 S.E.2d 608, 611 (Ct. App. 1996).
[7]  S.C. Code Ann. § 43-5-580(b) (Supp. 2005).
[8]  Id. section 20-7-852(A).
[9]  27 S.C. Code Ann. Regs. 114-4710(A)(1) (Supp. 2005).
[10] Id.
[11] Id.
[12] Id. Regs. 114-4710(B).
[13] S.C. Code Ann. § 20-7-852(C) (Supp. 2005).
[14] 27 S.C. Code Ann. Regs. 114-4710(B).
[15] Id. Regs. 114-4720(A)(3)(a).
[16] For instance, the mother stated in her brief that she is now employed productively as an auto mechanic.