## McNAIR v. MOORE.

1. FINDING as to value of land affirmed, because appellant did not satisfy the Court that it was against the preponderance of the evidence.
2. REAL PROPERTY—HOMESTEAD.—Method stated for finding equitable interest in land of party who has paid part of purchase money.
3. COSTS.—Decree of Circuit Judge as to costs not disturbed.

Before TOWNSEND, J., Darlington, May, 1903. Modified.

Action by S. P. McNair *et al.* against J. W. Moore *et al.* From Circuit decree both parties appeal.

*Messrs. Geo. W. Brown* and *Stevenson & Matheson,* for plaintiffs.

*Messrs. Woods & McFarlan,* for defendants.

February 21, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is the second time this case has been before the Supreme Court on appeal. The former decision is reported in 64 S. C., 82, 41 S. E., 829, and in order to fully understand the facts relating to the present appeal, it will be necessary to refer to the case as there reported.

On the former appeal the case was remanded to the Circuit Court, with instructions to ascertain the value of J. W. Moore's equitable interest in the land at the time of the transfer thereof to Julia C. Moore, and to subject said land to the claim of the plaintiff, only to the extent which the value

of the equitable interest exceeded $1,000, the value of his
right of homestead. It was referred to the master to report
upon these facts, and the concluding part of his report is as
follows: "I think the preponderance of the testimony shows
that the land was, in 1892, at the time of the transfer, worth
$8 an acre, which made the place worth $4,240. Therefore,
the value of the equitable interest of John W. Moore at
that time was worth $2,440.07. I arrive at it in this way:

Amount paid by John W. Moore............$1,638 69
Amount paid by Julia C. Moore................ 1,208 79

Total amount ........................$2,847 48
John W. Moore's fractional interest of the whole
is $1,638.69—$2,847.48 multiplied by 4,240—
1, equals ...........................$2,440 07
Deduct therefrom the value of John W. Moore's
homestead ............................. 1,000 00

Will leave ..........................$1,440 07

"Therefore, I recommend that the interest of John W.
Moore to the extent of $1,440.07 be sold on salesday in June,
or some convenient salesday thereafter, for cash, and after
deducting the costs and expenses of this action, the balance
be applied to the payment of the judgments against John
W. Moore, according to their respective priorities, and the
surplus, if any, be paid over to John W. Moore."

His Honor, the Circuit Judge, concurred in the master's
finding of fact that the value of the land in 1892 was $4,240.

The first question raised by the exceptions is whether the
value placed upon the land was excessive. The presumption
is in favor of the finding of fact by the Circuit Court. It
is, therefore, incumbent on those complaining of
the valuation, to satisfy this Court, by the preponderance of the testimony, that it was excessive. They
have failed to convince us that the preponderance of the
evidence is against the fact as found by the Circuit Court.

The next question for consideration is whether the Circuit Court correctly ascertained the value of J. W. Moore's equitable interest in the land at the time of the transfer thereof to Julia C. Moore.

In his decree, the Circuit Judge says: "I do not agree entirely with the master as to the mode of getting Moore's fractional interest in the land. The master found that the entire amount paid by Moore, including interest, was $1,638.69, and the total amount paid by both Moore and Mrs. Moore was $2,847.48. Then he ascertained what per cent. $1,638.69 was of $2,847.48, and then multiplied that per cent., which was about .575, by the value of the land in 1892, as found by him, to wit: $4,240, and then found the value of Moore's equitable interest to be $2,440.07. I think he erred in allowing interest to enter into the calculation, because that is a penalty for not paying money when due, and does not, in my opinion, represent, in any way, the value of the land. According to my view of the matter, the proper way to ascertain what was the fractional interest or share of Moore, is to find what sum Moore paid of principal (not including interest), which is obtained by subtracting the interest, $420.44, from $1,639.69. This will leave $1,218.25 of actual principal paid by Moore. Now find what per cent. $1,218.25 is of the original contract price, $2,250. It will be .5414. Now multiply $4,240 by .5414 and it will give $2,295.53. This I take to be the value of Moore's equitable interest in 1892 instead of $2,440.07, as found by the master. And in order to ascertain the proportion in which the creditors will be entitled to share, subtract $1,000 from $2,295.53; and it will leave $1,295.53, the amount to be paid to the creditors after paying costs."

The Circuit Judge erred in deducting the interest from the amount paid by J. W. Moore. Interest was included, not only in the amount paid by J. W. Moore, but likewise in the amount paid by Julia C. Moore. It was, therefore, inequitable to deduct it alone from the amount paid by J. W.

Moore. He also erred in taking into consideration the original contract price of the land, to wit: $2,250. His calculation was based upon two valuations that were inconsistent; whereas, it should have been confined to the valuation placed upon the land in 1892. The correct calculation was made by the master.

The last question relates to the payment of the costs. We see no reason for interfering with the discretion of the Circuit Judge in this respect.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, except in the particulars hereinbefore mentioned, as to which it is modified.