0964
Sally C. HONEA, Appellant v. Fant J. HONEA, Respondent.
(357 S. E. (2d) 191)

Court of Appeals

*Todd M. Ackley* and *Richard H. Warder,* both of *Warder & Steel,* Greenville, *for appellant.*

*Julian L. Stoudemire,* of *Ross, Stoudemire and Awde,* Seneca, *for Respondent.*

Heard April 21, 1987.

Decided May 26, 1987.

BELL, Judge:

In this action for a divorce, Sally C. Honea appeals from the judgment of the family court denying her alimony and awarding her a 40.4% share of the marital estate.

The parties were married in July 1950. Two children, now emanicipated, were born of the marriage. The wife left the marital home in January 1985 and the parties lived apart thereafter. In February 1986, Mrs. Honea petitioned for a divorce on the ground of one year's continuous separation without cohabitation. Mr. Honea did not contest the divorce.

## I.

The main issues before the family court were alimony and equitable division of the marital estate. The parties stipulated to the value of the marital property and agreed to a method of division of the personal property. The total marital estate was valued at $312,153.39.

At trial, Mr. Honea presented detailed evidence on the issue of equitable division, including thirty-four years of income tax returns, bank records, appraisals, and the like. He also called an expert witness, Dr. Perry Woodside, who testified as to the value of the parties' direct and indirect contributions to the marriage. Dr. Woodside's testimony was accompanied by several tables itemizing the parties' respective contributions year by year for the entire marriage. Mrs. Honea presented no evidence as to the value of her direct or indirect contributions to the marriage. Although she had Dr. Woodside's study several months before the hearing, she introduced no figures of her own to show Woodside's data were incorrect. When asked by this Court

during oral argument to point to any other evidence of the value of the wife's contributions, counsel conceded there was none.

Based on Mr. Honea's evidence, the family court determined the marital estate should be divided 40.4% to Mrs. Honea and 59.6% to Mr. Honea. Accordingly, the court awarded Mrs. Honea $126,109.97 in assets, approximately $111,000.00 of which was in cash. Mr. Honea received primarily real and personal property as his share of the distribution.

Mrs. Honea contends the evidence is insufficient to support the court's apportionment of the marital estate. In her opinion, the court should have made a 50%/50% division. However, she has produced no evidence to show the value of her contributions to the marriage equalled Mr. Honea's.

The trial court's findings come to us with a presumption of correctness. *McNair v. Moore*, 70 S. C. 551, 50 S. E. 197 (1905). The burden is on Mrs. Honea to demonstrate the family court committed reversible error. *Bungener v. Bungener*, 291 S. C. 247, 353 S. E. (2d) 147 (Ct. App. 1987). We have stated before, and we reiterate here, that a party cannot sit back at trial without offering proof, then come to this Court complaining of the insufficiency of the evidence to support the family court's findings. *Cox v. Cox*, 290 S. C. 246, 349 S. E. (2d) 92 (Ct. App. 1986). If Mrs. Honea feels she is entitled to 50% of the marital estate, she has the burden as the petitioner seeking an equitable distribution to come forward with the evidence supporting her claim. After making no effort to prove the value of her contributions to the marriage, she cannot fault the family court for accepting the uncontradicted figures of Mr. Honea concerning the respective contributions of the parties. Those figures support a finding that Mr. Honea made a greater material contribution to the marriage and to the acquisition of the marital property. In view of the evidence, the family court's 59.6%/40.4% division was equitable and well within its discretion.

## II.

Mrs. Honea also maintains the family court erred in denying her prayer for alimony.

At the time of the hearing, Mr. Honea was sixty-

one years old and Mrs. Honea was fifty-three. Mr. Honea was employed throughout the thirty-four years of marriage except for eight months when he was laid off. He planned to retire in January 1987. Mrs. Honea was also employed during the marriage except for the years she had children. She operated her own beauty shop from 1964 to 1981, but at the time of the hearing she was only working one or two afternoons a week.

The family court made the following findings of fact relevant to the issue of alimony. Mrs. Honea freely and voluntarily left the marital home without cause or excuse. Mrs. Honea is in apparent good health. Mrs. Honea is a licensed cosmetologist with over twenty years of experience. Mrs. Honea earns approximately $125.00 a month with monthy expenses of $540.00. Mr. Honea earns $1,579.40 a month with monthly expenses of $959.77. Mrs. Honea is capable of supporting herself.

Mrs. Honea takes no exception to any of these findings.

The award of alimony is within the sound discretion of the family court. *Bannen v. Bannen*, 286 S. C. 24, 331 S. E. (2d) 379 (Ct. App. 1986). In this case, the evidence shows that Mr. Honea is older than Mrs. Honea and nearing retirement. Mrs. Honea has the earning capacity and the financial assets to support herself without alimony. She voluntarily left the marital home. Given the evidence before the family court, we find no abuse of discretion in refusing to award Mrs. Honea alimony.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.