1218

Renae SHAMBLEY, Appellant v. Mark O. SHAMBLEY, Respondent.
(373 S. E. (2d) 689)

Court of Appeals

*Walter Bilbro, Jr.,* of *Walter Bilbro & Associates,* Charleston, and *Ronald A. Schneider,* of *Lamberson & Schneider,* Charleston Heights, *for appellant.*

*Frank M. Cisa,* of *Burkett, Wooddy, Cisa & Styles,* Charleston, *for respondent.*

Heard April 11, 1988.

Decided Sept. 26, 1988.

*Per Curiam:*

Renae Shambley commenced this action against her husband, Mark O. Shambley, seeking custody of the parties' son, James; separate maintenance and support for herself and James; equitable distribution of all property acquired during the marriage; an equitable interest in the husband's veterinary practice; and attorney's fees. The husband agreed to give custody of the child to the wife with liberal visitation for himself, but contested the other issues. The family court awarded child custody to the wife; granted the husband liberal visitation; identified certain personalty as marital

property and divided it; identified other personalty as separate property and allocated it to the husband; identified the veterinary practice as separate property, but gave the wife a special equity of 20% in it; denied the wife permanent alimony, but awarded her temporary alimony; and awarded child support. The wife appeals the equitable apportionment, the refusal to award permanent alimony, certain aspects of the support order, and the visitation granted to the husband. We affirm, but remand the issue of visitation.

The first issue we address is equitable apportionment. After identifying and valuing the marital and nonmarital property, the court apportioned the marital property equally between the parties. We have reviewed the record and find, as the wife avers, certain specific errors in the identification and valuation of marital property. Taking our own view of the preponderance of the evidence, these errors were minor and did not materially effect the overall distribution. *See Winchell v. Winchell,* 291 S. C. 321, 353 S. E. (2d) 309 (Ct. App. 1987). On review, this Court looks to the fairness of the overall apportionment. *Johnson v. Johnson,* 372 S. E. (2d) 107 (S. C. Ct. App. 1988). Here minor adjustments could be made in the equitable apportionment, including perhaps redesignating some properties marital and some nonmarital, but this is unnecessary because the results reached by the family court are fair. We, therefore, affirm the equitable distribution.

We next turn to the issue of permanent alimony. The award of alimony is within the sound discretion of the family court and will not be overturned on appeal unless there is a showing of clear abuse of discretion. *Bannen v. Bannen,* 286 S. C. 24, 331 S. E. (2d) 379 (Ct. App. 1985). In this case, the judge considered the factors specified in *Lide v. Lide,* 277 S. C. 155, 283 S. E. (2d) 832 (1981). He found that the parties had the capacity to earn approximately the same income at the present time, that their standard of living was commensurate with that of a young couple starting out in marriage, that they had not accumulated any joint wealth to speak of, that the marriage was relatively short in duration, and that neither party was primarily at fault for its dissolution. He also found the wife was twenty-eight years of age, was in good health, was highly credentialed, and had good, immediate employment prospects. The record

supports these findings. Implicit in them is the conclusion that the wife, within a few months, would be capable of supporting herself at the marital standard of living. On this basis, the court decided the wife should not receive permanent alimony. Instead, he awarded her temporary alimony of $600 a month through December 1984, at least four months after she could reasonably be expected to be employed. We find no abuse of discretion in disallowing permanent alimony. Thus, we affirm.

The next issue concerns the husband's duty to maintain health insurance. The judge required him to pay the wife's health insurance until she got a job or January 1, 1987, whichever came first. He was also required to maintain full health insurance on the child until the wife got a job, at which time she was required to pay half. We discern no abuse of discretion and, therefore, affirm.

The wife also contends the court should have required the husband to maintain insurance on his own life to secure the child's future support and educational expenses. The law requires a compelling reason, amounting to necessity, before maintenance of life insurance will be required of the supporting spouse. *Ivey v. Ivey*, 286 S. C. 315, 334 S. E. (2d) 123 (Ct. App. 1985). No compelling reasons appear on the face of this record.

Finally, we consider the wife's complaint about the husband's visitation. Counsel for both parties admitted during oral argument that James will be starting school this fall. They concede this will constitute a change of circumstances requiring a completely new visitation schedule. Rather than reviewing a visitation order that is now obsolete, we think the better course is to remand this issue to the family court to set a new visitation schedule in light of present circumstances.

Affirmed and remanded.