23812

Janet T. SEXTON, Respondent v. Patrick B. SEXTON and Neely Hunter Sexton, Sr., and Neely Hunter Sexton, Sr., as personal representative of the estate of Freida P. Sexton, deceased, Defendants, of whom Patrick B. Sexton is, Petitioner.

(427 S.E. (2d) 665)

Supreme Court

*Thomas F. McDow,* Rock Hill, *for petitioner.*

*Melvin L. Roberts,* York, *for respondent.*

*Jack G. Leader,* of *Elrod, Jones, Leader & Benson,* Rock Hill, *for defendants.*

Heard Jan. 18, 1993.

Decided Feb. 22, 1993.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeal's decision reported at — S.C. —, 416 S.E. (2d) 649 (Ct. App. 1992), affirming an award of attorney's fees. We reverse and remand.

## FACTS

Respondent (Wife) sued petitioner (Husband) for a divorce. During the divorce proceedings, a dispute arose regarding whether the marital home should be included in the marital estate since title to the home was held by Husband's father, Neely Sexton. In October 1988, a divorce decree was issued which equitably divided the parties' personal property and determined the issues of child custody and support. Equitable division of the marital home was held in abeyance while the issue whether the family court had subject matter jurisdiction to divide property held by a third party was determined by this Court on appeal. *Sexton v. Sexton,* 298 S.C. 359, 380 S.E. (2d) 832 (1989). The issues of alimony and attorney's fees were also held in abeyance.

On remand from this Court, the family court equitably divided the marital home fifty percent to each party, awarded Wife alimony of $375 per month, and awarded Wife $9,000 in attorney's fees.

On appeal, the Court of Appeals held the family court's finding regarding Husband's earning capacity was unsupported by the evidence. Accordingly, it reversed the award of alimony to Wife and remanded the issue for redetermination. The Court of Appeals also found the equitable division of the marital home inappropriate based on the relative contributions of the parties, including contributions made by Husband's father. The issue of equitable division was therefore re-

manded for redetermination. The only issue affirmed on appeal was the $9,000 attorney's fee award.

## ISSUE

Whether affirmance of the $9,000 attorney's fee was proper?

## DISCUSSION

Husband argues the Court of Appeals should not have affirmed the award of attorney's fees for the three reasons discussed below.

(1) *Beneficial results were reversed on appeal.*

The beneficial result obtained by counsel is a factor essential to determining whether an attorney's fee should be awarded. *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E. (2d) 313 (1991). Husband argues this factor is now undetermined since the issues of alimony and equitable division have been remanded for reconsideration. We agree. This Court has previously reversed the award of an attorney's fee where the substantive results achieved by counsel were reversed on appeal. *See, e.g., E.D.M. v. T.A.M.,* — S.C. —, 415 S.E. (2d) 812 (1992).

(2) *Husband's earning capacity is undetermined.*

A party's ability to pay is another essential factor in determining whether an attorney's fee should be awarded, as are the parties' respective financial conditions and the effect of the award on each party's standard of living. *Glasscock v. Glasscock, supra.* Since Husband's earning capacity has yet to be determined by the family court on remand, these factors are now indefinite and must be established before an award of attorney's fees can be made.

(3) *A portion of the fee was incurred in litigation with a third party.*

Husband claims the $9,000 award should be reduced by the amount of hourly fees incurred in litigating whether the house was included in the marital estate, an issue litigated solely between Wife and a third party. We agree this is an appropriate factor the family court should consider in awarding an attorney's fee.

## CONCLUSION

We reverse the Court of Appeals' decision affirming the award of attorney's fees in this case and remand the issue of attorney's fees to the family court for determination. We express no opinion whether $9,000 is an appropriate award in this case.

Reversed and remanded.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.