540 S.E.2d 840

**April M. ROGERS, Petitioner,**

v.

**Sidney ROGERS, Respondent.**

No. 25229.

Supreme Court of South Carolina.

Submitted Nov. 15, 2000.
Decided Jan. 8, 2001.

April M. Hall, pro se petitioner.

John Sidney Rogers, pro se respondent.

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' memorandum decision affirming the denial of an increase in child support. We reverse.

## FACTS

Petitioner (Mother) and respondent (Father) married in 1976. They lived in Marion with their three minor children until they separated in June 1995. By order filed October 2, 1996, the family court granted a divorce on the ground of Mother's post-separation adultery, awarded Mother custody of the children, and ordered Father to pay child support in the amount of $678.00 per month.[1]

Mother appealed the divorce decree but did not challenge the child support award. She then filed this action in June 1997 seeking an increase in child support and various other relief. By order filed December 10, 1997, the family court dismissed Mother's complaint and ordered her to pay Father's attorney's fees in the amount of $4,000.00. Mother appealed. The Court of Appeals affirmed pursuant to Rule 220(b), SCACR.

---

[1]. This amount was ordered by supplemental order dated November 8, 1996, amending the original amount due to a scrivener's error.

## ISSUES

1. Did the family court err in denying an increase in child support on the ground of Father's misrepresentation of income and subsequent increase in income?

2. Did the family court err in denying an increase in child support on the ground of increased childcare costs?

3. Did the family court err in awarding Father attorney's fees in the amount of $4,000.00?

## DISCUSSION

### 1. Father's income

At the 1996 divorce hearing, Father submitted a financial declaration indicating his monthly income was $2,960.99, or $35,531.88 annually, which the family court relied on in computing child support.[2] At the hearing in the present case, Mother introduced into evidence Father's 1995 W–2 form indicating his annual income at the time of the divorce hearing was actually $38,553.55.

Further, although Father testified his current annual income was $3,224.00 monthly, which equals an annual income of $38,688.00, his 1996 W–2 form indicates his annual income had actually risen to $42,267.43. In addition, Father testified he received a 2.5% raise in October 1997. His annual income would then have been $43,112.78. In other words, the evidence indicates that at the time of the hearing in this case, Father's annual income was $7,580.90 more than the amount originally used by the family court to calculate child support in 1996.[3]

The family court found the evidence insufficient to show Father attempted to mislead the court by his financial declaration since Mother had subpoenaed Father's earnings records at the time of the original hearing. Further, it found Mother's income had also increased and the ratio between the parties'

---

2. Mother's monthly income was $1,967.00.

3. Our figures are slightly higher than those stated in Mother's brief because she relied on the amount of wages in box 1 of the federal W–2 forms. Actually, the greater amount of wages in box 5 (medicare wages) reflects the taxpayer's total gross income.

respective incomes (Father 60% and Mother 40%) had remained the same. Accordingly, the court denied an increase on this ground.

■ First, as the family court found, Mother subpoenaed Father's earnings records, including his tax returns, at the time of the original hearing. Mother could have contested the amount of Father's income in the original proceeding and she is not entitled to a *retroactive* increase to the time of the original divorce decree. *Cf. Harris v. Harris*, 307 S.C. 351, 415 S.E.2d 391 (1992) (family court has jurisdiction to order retroactive increase in child support where party misrepresented income). On the issue of a prospective increase, however, whether Father misled the family court in the original proceeding is irrelevant. Our inquiry is simply whether Father's income has increased from the figure used in the original order to calculate child support.

The difference between the amount of Father's annual income used to calculate child support in 1996 ($35,531.88) and the amount of his annual income at the time of the hearing in this case ($43,112.78) represents an increase of 21%. Since Mother's income increased by only 8%,[4] the actual ratio of their 1997 incomes is: Father 63% and Mother 37%.

The increase in the parties' combined income also impacts the calculation of child support under the Child Support Guidelines, 27 S.C.Code Ann. Reg. 114–4720 (Supp.1999).[5]

---

4. Mother's annual income at the time of the original hearing was $23,607. Her annual income at the time of the hearing in this case was $25,416.00.

5. These guidelines govern child support awards as provided in S.C.Code Ann. § 20–7–852 (Supp.1999):

(A) In any proceeding for the award of child support, there is a rebuttable presumption that the amount of the award which would result from the application of the guidelines required under Section 43–5–580(b) is the correct amount of child support to be awarded. A different amount may be awarded upon a showing that application of the guidelines in a particular case would be unjust or inappropriate. When the court orders a child support award that varies significantly from the amount resulting from the application of the guidelines, the court shall make specific, written findings of those facts upon which it bases its conclusion supporting that award. Findings that rebut the guidelines must state the amount of support that would have been

Under these guidelines, using the correct 1997 income figures for both parties,[6] and factoring in the allowable offsets for $65.00 in monthly insurance premiums paid by Father and $130.00 monthly childcare paid by Mother,[7] Father's monthly child support obligation would be $817.00, or $139.00 more per month than the original amount ordered.[8]

Application of the child support guidelines results in a significant increase in monthly child support based on the evidence of Father's increased income. We find the family court abused its discretion in denying Mother's request for an increase on this ground. Accordingly, we reverse and remand for a recalculation of child support. *See Cudd v. Arline*, 277 S.C. 236, 285 S.E.2d 881 (1981) (family court order denying increase will be reversed for abuse of discretion).

### 2. Childcare costs

Mother introduced evidence she was paying monthly childcare costs of $420.00 for the two younger children. The family court noted Mother had incurred a "substantial increase" in childcare costs, which were originally calculated at $130.00 per month in the 1996 divorce decree,[9] but denied an increase in child support. The only reason given for this denial is that

required under the guidelines and include a justification of why the order varies from the guidelines.
*See Woodall v. Woodall*, 322 S.C. 7, 471 S.E.2d 154 (1996).

**6.** Father's monthly income is $3,592.73; Mother's monthly income is $2,118.00.

**7.** The 1996 divorce decree ordered Father to carry health insurance for the three children and found Mother's childcare expenses were $130.00 per month.

**8.** We used the Child Support Obligation Calculator on the Department of Social Services website to obtain this figure. The calculator is located at: *http:/www.state.sc.us/dss/csed/calculator.htm.*

**9.** Apparently, this amount was erroneously calculated since the evidence indicates Mother was actually paying $400.00 per month at the time. Since we are concerned here only with the family court's denial of a prospective increase, however, the question is simply whether Mother has shown an increase in the cost of childcare over that allowed in the divorce decree, regardless of whether she challenged the original calculation.

"Mother's own mother is not working, lives close by, and admittedly cares for the children at times."

Mother testified her mother was receiving Social Security disability checks for crippling arthritis and could not handle the children. Further, there is no obligation that a grandparent provide free childcare. The family court's conclusion that these costs were avoidable is unsupported by the evidence.

Under the Child Support Guidelines, based on Father's increased income discussed in Issue 1 above, factoring in Mother's increased childcare in the amount of $420.00, and allowing an offset for Father's monthly insurance premium of $65.00, the child support owed by Father would be $953.00 monthly, a total increase of $275.00 over the amount he is presently obligated to pay. Mother's increased childcare costs substantially affect the calculation of Father's child support obligation under the guidelines. Accordingly, we direct the family court to consider these increased costs in recalculating child support.

### 3. Attorney's fees

The family court awarded Father $4,000.00 on his counterclaim for attorney's fees based on the observation that "this action should not have been initiated."

First, we note the amount of attorney's fees awarded here represents approximately 16% of Mother's annual income at the time this case was heard. A party's ability to pay is an essential factor in determining whether an attorney's fee should be awarded, as are the parties' respective financial conditions and the effect of the award on each party's standard of living. *Sexton v. Sexton,* 310 S.C. 501, 427 S.E.2d 665 (1993). This award is excessive in light of these factors.

Further, since the beneficial result obtained by counsel is a factor in awarding attorney's fees, when that result is reversed on appeal, the attorney's fee award must also be reconsidered. *Id.* In light of our remand on the issue of child support, we remand the issue of attorney's fees for reconsideration as well.

Mother's remaining arguments are without merit and we affirm the remainder of the family court's order under Rule

220(b), SCACR. *See Smith v. Smith,* 275 S.C. 494, 272 S.E.2d 797 (1980) *and Hatfield v. Hatfield,* 327 S.C. 360, 489 S.E.2d 212 (Ct.App.1997) (issue must be raised to and ruled on by family court to be preserved for review); *Miller v. Miller,* 299 S.C. 307, 384 S.E.2d 715 (1989) (generally, changes in circumstances within the contemplation of the parties at the time of the initial decree do not provide a basis for modifying a child support award); *Shambley v. Shambley,* 296 S.C. 405, 373 S.E.2d 689 (Ct.App.1988) (family court order requiring maintenance of health insurance will not be reversed absent an abuse of discretion).

REVERSED AND REMANDED.[10]

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

**10.** We are aware that Mother has remarried and moved since the hearing in this case. The family court retains jurisdiction to consider any new request for modification by either party in light of these changed circumstances. *See Miller v. Miller,* 299 S.C. 307, 384 S.E.2d 715 (1989) (family court has the authority to modify the amount of child support upon a showing of substantial or material change of circumstances).