**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Cecil L. Josey, Jr., Respondent,

v.

Stanley D. Josey, Courtney Gamble, Spencer Josey, Elizabeth Ann Geddings, and Cecil L. Josey, Jr., as Trustee of the Josey Family Trust, Defendants,

Of Whom Stanley D. Josey, is the Appellant,

and Courtney Gamble, Spencer Josey, Elizabeth Ann Geddings, and Cecil L. Josey, Jr., as Trustee of the Josey Family Trust, are Respondents.

Appellate Case No. 2011-197626

_____

Appeal from Lee County
W. Haigh Porter, Special Referee

_____

Memorandum Opinion No. 2013-MO-024
Heard June 19, 2013 – Filed September 11, 2013

_____

**AFFIRMED**

_____

John S. Nichols and Blake A. Hewitt of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, for Appellant.

S. Bryan Doby, of Jennings & Jennings, PA, of Bishopville, and Daniel W. Stacy, Jr., of Oxner & Stacy, PA, of Pawleys Island and Deborah H. Sheffield, of Columbia, for Respondents.

---

**PER CURIAM:** Stanley Josey appeals the special referee's order awarding a 32.98 acre parcel of land to a trust in which his nieces and nephews are the beneficiaries, as well as his nieces and nephews individually. Specifically, Stanley asserts the special referee erred in failing to properly interpret Section 15-61-25 of the South Carolina Code (Supp. 2012), contending it affords him the right of first refusal to purchase the parcel. He also argues the special referee's order is inequitable because it awards him a large sum of personal property without taking into account the expense and inconvenience of moving and storing that chattel. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2012) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Honea v. Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) (holding that a party cannot sit back at trial without offering proof, then complain to this Court of the insufficiency of the evidence).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**