**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony Allen Freeman, Respondent,

v.

Stephanie Ann Carver, Debbie Freeman, and Wayne Freeman, Defendants, and

Brian Miller and Kimberley Miller, Intervenors, Appellants.

Appellate Case No. 2015-000247

Appeal From Oconee County
Edgar H. Long, Jr., Family Court Judge

Unpublished Opinion No. 2016-UP-235
Heard April 20, 2016 – Filed June 1, 2016

**AFFIRMED**

Melissa D. Spivey and H. Michael Spivey, both of The Spivey Law Group, LLC, of Mauldin, for Appellants.

Robert K. Whitney, of Whitney Law Firm, of Seneca, for Respondent.

**PER CURIAM:**  Brian and Kimberley Miller appeal the family court's final order awarding custody of their grandchild (Child) to Tony Allen Freeman (Father).  The Millers contend the court erred in (1) failing to find Father unfit to raise Child and give proper weight to certain pieces of evidence, (2) finding the guardian ad litem (GAL) had competently investigated the case, and (3) awarding attorney's fees to Father.  We affirm.

1.  First, we hold the family court did not err in finding Father fit to raise Child and awarding Father custody.  *See Spreeuw v. Barker*, 385 S.C. 45, 59, 682 S.E.2d 843, 850 (Ct. App. 2009) ("The paramount and controlling consideration in a custody dispute is the best interests of the child."); *Moore v. Moore*, 300 S.C. 75, 79, 386 S.E.2d 456, 458 (1989) (holding a rebuttable presumption exists in South Carolina that it is in the best interest of any child to be in the custody of his or her biological parent); *Kay v. Rowland*, 285 S.C. 516, 517, 331 S.E.2d 781, 782 (1985) (placing a substantial burden on any third party attempting to gain custody over a natural parent and holding that, "[o]nce the natural parent is deemed fit, the issue of custody is decided").  Contrary to the Millers' allegations, upon our review of the record, we find the preponderance of the evidence supports the family court's finding of Father's fitness.  *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (holding the appellant bears the burden of convincing this court that the family court committed error or the preponderance of the evidence is against the court's findings).

2.  Next, we find the Millers abandoned the second issue on appeal.  *See Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011) ("An issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory."); *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 (holding the appellant bears the burden of demonstrating the family court committed error).  In a one-paragraph argument in their brief, the Millers merely allege several reasons why the GAL did not competently investigate the case, citing no authority to support their claim that the family court committed error.  In any event, we note the family court explicitly stated in its final order that, upon the Millers' objection to the report's untimeliness, it did not consider the GAL's final report in making the custody decision.

3.  Last, we find the family court did not err in awarding attorney's fees to Father.  *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) (holding when determining whether to award attorney's fees, the court should consider the following factors: "(1) the party's ability to pay his/her own attorney's fee; (2)

beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding when determining the reasonableness of a fee award, the court should consider the following factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"). A review of the final order reveals the family court properly considered each *E.D.M.* factor in awarding attorney's fees to Father. Given that the court stated "the [Millers] are far better able financially to pay for some of [Father's] costs and professional fees than he is," we hold the court implicitly found the award would not be detrimental to the Millers' standard of living. Additionally, although the Millers argue the amount of the award is per se unreasonable pursuant to *Rogers v. Rogers*, our supreme court merely held the attorney's fees award in that case was excessive based upon its facts and circumstances in light of the relevant considerations. *See* 343 S.C. 329, 334, 540 S.E.2d 840, 842 (2001) (stating the attorney's fee award representing 16% of a party's annual income was "excessive in light of these factors"). In the instant case, we find the attorney's fees award is reasonable in light of all the relevant factors.

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**