**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rosalind Gooden, Respondent,

v.

Ransom Gooden, Appellant.

Appellate Case No. 2015-000041

_____

Appeal From Sumter County
George M. McFaddin, Jr., Family Court Judge

_____

Unpublished Opinion No. 2016-UP-497
Submitted November 1, 2016 – Filed December 7, 2016

_____

**AFFIRMED**

_____

Charles Thomas Brooks, III, of Law Office of Charles T. Brooks, III, of Sumter, for Appellant.

Harry C. Wilson, Jr., of Lee, Erter, Wilson, Holler & Smith, LLC, of Sumter, for Respondent.

_____

**PER CURIAM:** Ransom Gooden (Husband) appeals the order of the family court asserting the court erred in (1) granting Rosalind Gooden (Wife) a divorce on the ground of physical cruelty, (2) imputing an income to him which is not supported by the evidence, (3) ordering him to pay Wife a certain amount in alimony, and (4)

dividing the parties' personal property.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to issue one:  *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899)) (second alteration in original)); *id.* ("[W]e recognize the superior position of the family court judge in making credibility determinations."); *Gorecki v. Gorecki*, 387 S.C. 626, 633, 693 S.E.2d 419, 422 (Ct. App. 2010) (noting a single assault upon a spouse which is "life-threatening or . . .  indicative of an intention to do serious bodily harm or of such a degree as to raise a reasonable apprehension of great bodily harm in the future" can amount to physical cruelty); *Rabon v. Rabon*, 289 S.C. 49, 51, 344 S.E.2d 615, 617 (Ct. App. 1986) (holding, although the husband's episodes of choking the wife appear to have been condoned by the wife, the husband's subsequent physical conduct of grabbing and pushing the wife revived the former acts and they, "together with the more recent incident of actual personal violence[,] provide[d] a basis for divorce on the ground of physical cruelty");  *Gorecki*, 387 S.C. at 634-35, 693 S.E.2d at 423 (finding, while a September 2005 assault was sufficient to grant the wife a divorce based on physical cruelty, numerous other instances of abuse—which culminated in the September 2005 assault—indicated the husband's intent to seriously harm the wife, thereby warranting a divorce based upon the ground of physical cruelty); *Brown v. Brown*, 215 S.C. 502, 509, 56 S.E.2d 330, 333 (1949) ("Continued acts of personal violence producing physical pain or bodily injury and a fear of future danger are recognized as sufficient cause for a divorce for cruelty in nearly all jurisdictions, especially where accompanied by other acts of ill treatment."); *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

2.      As to issues two and three:  *Id.* ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *Sanderson v. Sanderson*, 391 S.C. 249, 255, 705 S.E.2d 65, 67 (Ct. App. 2010) (holding failure to make a particular argument in a Rule 59(e), SCRCP motion precluded consideration of the argument on appeal, as "[a] point not specifically raised to and ruled upon by the trial court will not be considered on appeal"); *Wilburn v. Wilburn*, 403 S.C. 372, 386, 743 S.E.2d 734, 741 (2013) (finding the husband's failure to offer evidence controverting the wife's testimony was sufficient justification to affirm the family court); *Honea v.*

*Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) ("[A] party cannot sit back at trial without offering proof, then come to this [the appellate court] complaining of the insufficiency of the evidence to support the family court's findings."); *Grumbos v. Grumbos*, 393 S.C. 33, 43-44, 710 S.E.2d 76, 81-82 (Ct. App. 2011) (holding the family court did not err in imputing additional income to the husband in calculating the wife's permanent periodic alimony award by basing the award on past earnings when the husband failed to provide the court with a meaningful representation of his current income at trial); *Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) (holding an appellate court will affirm a trial court ruling if the offended party does not challenge that ruling; failure to challenge a ruling amounts to an abandonment of the issue and precludes consideration of the issue on appeal; and an unchallenged ruling is the law of the case and requires affirmance); *Patel v. Patel,* 359 S.C. 515, 532, 599 S.E.2d 114, 123 (2004) ("It is proper to impute income to a party who is voluntarily unemployed or underemployed."); *Gartside v. Gartside*, 383 S.C. 35, 44, 677 S.E.2d 621, 626 (Ct. App. 2009) ("[W]hen actual income versus earning capacity is at issue[,] . . . courts must closely examine the payor spouse's good faith and reasonable explanation for the decreased income.").

3.    As to issue four:  *Honea*, 292 S.C. at 458, 357 S.E.2d at 192 ("[A] party cannot sit back at trial without offering proof, then come to this [the appellate court] complaining of the insufficiency of the evidence to support the family court's findings."); *Doe*, 370 S.C. at 212, 634 S.E.2d at 55 (finding the wife's broad assertions in her Rule 59(e), SCRCP motion that the divorce decree was unsupported by the evidence and that the family court failed to properly apply the equitable division statute were insufficient to preserve her appellate arguments relating to the identification and valuation of the marital estate, as she failed to make any argument at trial or specifically raise in her Rule 59(e) motion any issues with regard to valuation); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not."): *Dixon v. Dixon*, 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005) (noting an issue raised for the first time in a post-trial motion is not preserved for appellate review).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**