**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kimberly Dawn Stoneburner, Respondent,

v.

Daniel Mark Stoneburner, Appellant.

Appellate Case No. 2014-002258

Appeal From Berkeley County
Wayne M. Creech, Family Court Judge

Unpublished Opinion No. 2017-UP-123
Heard June 8, 2016 – Filed March 15, 2017

**AFFIRMED IN PART AND REVERSED IN PART**

Thomas Ryan Phillips, of Law Office of T. Ryan Phillips, LLC, of Charleston, for Appellant.

Theresa Marie Wozniak Jenkins, of Theresa Wozniak Jenkins, Attorney at Law, LLC, of Charleston, for Respondent.

**PER CURIAM:** Daniel Mark Stoneburner (Husband) appeals the family court's final order and decree of divorce, arguing the court erred in (1) including Kimberly Dawn Stoneburner's (Wife's) credit card debts in the marital estate; (2) including Wife's business loans and debts in the marital estate; (3) refusing to assign any

premarital value to Husband's 401(k) account; (4) finding the SeaArk boat was marital property; (5) finding insurance proceeds Husband received to repair and replace firearms were marital in nature; (6) awarding Wife $15,000 in attorney's fees; (7) finding Husband improperly retained funds received from the Red Cross and the couple's homeowners insurance policy; (8) valuing Husband's vehicle; (9) failing to impute additional income to Wife; (10) calculating Husband's income; (11) calculating child support and requiring Husband to pay retroactive child support; and (12) failing to include findings regarding Wife's alleged economic misconduct during the marriage. We affirm in part and reverse in part pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to issue 1, we find the family court did not err in including Wife's personal South Carolina Federal Credit Union credit card debt—with a balance of $4,802.12—in the marital estate because it was used in support of the marriage and for the benefit of the minor child. However, we find the family court erred in including Wife's Bayer Heritage Federal Credit Union (BHFCU) credit card debt— with a balance of $9,775.52—in the marital estate because Wife testified the BHFCU credit card was not used in support of the marriage or for the benefit of the minor child. Further, the family court's final order states Wife agreed to hold Husband harmless on the BHFCU debt. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate court] reviews factual and legal issues de novo."); *Wooten v. Wooten*, 364 S.C. 532, 547, 615 S.E.2d 98, 105 (2005) ("When a debt is incurred after the commencement of litigation but before the final divorce decree, the family court may equitably apportion it as a marital debt when it is shown the debt was incurred for marital purposes, *i.e.,* for the joint benefit of both parties during the marriage."); *Buist v. Buist*, 399 S.C. 110, 116–17, 730 S.E.2d 879, 882 (Ct. App. 2012), *aff'd as modified,* 410 S.C. 569, 766 S.E.2d 381 (2014) ("Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."); *Peirson v. Calhoun*, 308 S.C. 246, 252–53, 417 S.E.2d 604, 607–08 (Ct. App. 1992) (finding that a second mortgage and other loans obtained by husband post-separation were marital debts).

2.      As to issues 2, 7, 8, 9, 10, 11, and 12, we find Husband abandoned these arguments on appeal. *See* Rule 208(b)(1)(D), SCACR (requiring "discussion and citations of authority" for each issue in an appellant's brief); *Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) (finding an issue abandoned when the party's brief cited only one family court rule and presented no argument as to

how the family court's ruling prejudiced her); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011) ("An issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

3.      As to issue 3, we find the family court did not err in refusing to assign any premarital value to Husband's 401(k) account.  *See Wilburn v. Wilburn*, 403 S.C. 372, 382, 743 S.E.2d 734, 740 (2013) ("A party claiming an equitable interest in property upon divorce bears the burden of proving the property is marital.  If the party presents evidence to show the property is marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character."); *id.* at 386, 743 S.E.2d at 741 ("[Husband's] failure to offer evidence controverting Wife's testimony is sufficient justification to affirm the family court."); *Honea v. Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) ("[A] party cannot sit back at trial without offering proof, then come to this Court complaining of the insufficiency of the evidence to support the family court's findings.").

4.      As to issue 4, we find the family court did not err in finding the SeaArk boat was marital property.  *See Johnson v. Johnson*, 296 S.C. 289, 295, 372 S.E.2d 107, 110–11 (Ct. App. 1988) ("As a general rule, transmutation is a matter of intent to be gleaned from the facts of each case.  The spouse claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage.  Such evidence may include placing the property in joint names, transferring the property to the other spouse as a gift, using the property exclusively for marital purposes, commingling the property with marital property, using marital funds to build equity in the property, or exchanging the property for marital property.").

5.      As to issue 5, we find the family court erred in finding the $3931 in insurance proceeds Husband received to repair and replace Husband's nonmarital firearms were marital in nature.  *See* S.C. Code Ann. § 20–3–630(A)(2) & (5) (2014) (categorizing nonmarital property as "property acquired by either party before the marriage" and "any increase in value in non-marital property, except to the extent that the increase resulted directly or indirectly from efforts of the other spouse during marriage"); *Wilburn*, 403 S.C. at 382, 743 S.E.2d at 740 ("A party claiming an equitable interest in property upon divorce bears the burden of proving the property is marital.  If the party presents evidence to show the property is

marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character.").

6.      As to issue 6, we find the family court did not err in awarding Wife $15,000 in attorney's fees.  *See* S.C. Code Ann. § 20-3-130(H) (2014) ("The court, from time to time after considering the financial resources and marital fault of both parties, may order one party to pay a reasonable amount to the other for attorney fees, expert fees, investigation fees, costs, and suit money incurred in maintaining an action for divorce from the bonds of matrimony . . . ."); *Patel v. Patel*, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004) ("An award of attorney's fees rests within the sound discretion of the trial judge and should not be disturbed on appeal unless there is an abuse of discretion."); *Rogers v. Rogers*, 343 S.C. 329, 334, 540 S.E.2d 840, 842 (2001) ("A party's ability to pay is an essential factor in determining whether an attorney's fee should be awarded, as are the parties' respective financial conditions and the effect of the award on each party's standard of living.").

In conclusion, we order the family court to adjust the equitable distribution accordingly to reflect these findings.

**AFFIRMED IN PART and REVERSED IN PART.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**