**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph Sun, Appellant,

v.

Liling Sun, Respondent.

Appellate Case No. 2015-000580

———————

Appeal From Beaufort County
W. Thomas Sprott, Jr., Family Court Judge

———————

Unpublished Opinion No. 2017-UP-182
Submitted January 1, 2017 – Filed May 3, 2017

———————

**REVERSED AND REMANDED**

———————

Joseph C. Sun, of Bluffton, pro se.

Liling Walsh, of Spotsylvania, Virginia, pro se.

———————

**PER CURIAM:** Joseph C. Sun (Father) appeals the family court's dismissal of his action for modification of child custody, arguing the family court (1) should have rejected the motion to dismiss filed by Liling Walsh (Mother) as untimely, (2) incorrectly found Father's action sought the same relief in this action as the relief at issue in an appeal pending between the parties, (3) abused its discretion in considering inadmissible evidence when ruling on Mother's motion to dismiss, and

(4) abused its discretion in awarding attorney's fees to Mother.  We reverse and remand this matter to the family court for further proceedings.

1.  The family court dismissed Father's complaint, finding it involved matters affected by an appeal between the parties then pending in this court that concerned the family court's decision to modify custody terms concerning the parties' daughter (Daughter) and concluded this court had exclusive jurisdiction over the matter.  "However, answering the question of whether a matter is 'affected by the appeal' requires a closer examination of the appeal." *Tillman v. Oakes*, 398 S.C. 245, 256, 728 S.E.2d 45, 51 (Ct. App. 2012).  Whereas the appeal concerned the propriety of the family court's decision to modify the custody terms in the parties' divorce decree, the case at bar concerned Father's position that since the family court's entry of the modification order, a substantial change of circumstances had occurred that warranted yet another modification of the custody arrangement.  *See Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("In order for a court to grant a change in custody, there must be a showing of changed circumstances occurring *subsequent* to the entry of [the custody order currently in effect]." (emphasis added)).  Therefore, we reverse the family court's dismissal of Father's action for modification of child custody and remand this matter for a new hearing.[1]

2.  Because we reverse the dismissal of this action and remand the matter to the family court for further proceedings, we also reverse and remand the issue of attorney's fees for reconsideration.  *See*, *e.g.*, *Sexton v. Sexton*, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993) (reversing and remanding the issue of attorney's fees for reconsideration when the substantive results achieved in the family court were reversed on appeal).

3.  In light of our decision to reverse the dismissal of Father's action and remand the matter, we decline to address Father's allegations that Mother's motion to

---

[1] Father has a lengthy history with this court and with various courts in Beaufort County.  Some of the findings in these court matters, as well as a review of Father's own civil suit filings against Mother, Mother's family court attorney, and Citizens Opposed to Domestic Abuse are concerning.  Thus, should the family court believe Father's latest filing could be part of an ongoing pattern of harassment against Mother and/or Daughter, it might consider permitting Mother and Daughter to provide any testimony the family court deems necessary by affidavit or other procedure it deems appropriate and in accordance with the South Carolina Rules of Family Court.

dismiss was untimely and the family court considered inadmissible evidence in granting the motion. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding the appellate court need not address remaining issues when its resolution of a prior issue is dispositive of the appeal).

**REVERSED AND REMANDED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.