**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Adrian A. Duclos, Appellant,

v.

Karen R. Duclos, Respondent.

Appellate Case No. 2015-000770

Appeal From Dorchester County
Jan B. Bromell Holmes, Family Court Judge

Unpublished Opinion No. 2017-UP-354
Submitted June 1, 2017 – Filed September 6, 2017

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Thomas Ryan Phillips, of the Law Office of T. Ryan Phillips, LLC, of Charleston, for Appellant.

Bernard F. Mack, of Ben F. Mack, of Summerville, for Respondent.

**PER CURIAM:** On appeal from the family court, Adrian A. Duclos (Husband) claims the family court erred when it (1) awarded Karen R. Duclos (Wife) $34,864.63 in attorney's fees; (2) ordered Husband to pay all of the guardian ad

litem (GAL) fees, despite the absence of a court order authorizing the GAL to exceed his fee cap; and (3) prohibited Husband from having any contact with the parties' children until Husband submitted to a psychological evaluation. We affirm in part, reverse in part, and remand.

1. We find the family court erred when it required Husband to pay $34,864.63 in Wife's attorney's fees because Husband does not have the current ability to pay this amount. *See Sexton v. Sexton*, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993) ("A party's ability to pay is another essential factor in determining whether an attorney's fee should be awarded, as are the parties' respective financial conditions and the effect of the award on each party's standard of living." (citing *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991))); *Farmer v. Farmer*, 388 S.C. 50, 57, 694 S.E.2d 47, 51 (Ct. App. 2010) (in deciding whether to award attorney's fees and costs, a family court should first consider the following factors as set forth in *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992): "(1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living"). Husband's financial declaration reflects a gross monthly income of $3,975, which equates to approximately $47,000 per year. Husband's declaration to the family court did not include his state or federal tax obligations or his child support obligations, which would inevitably increase Husband's stated monthly expenses of $3,386. The family court's requirement for Husband to pay almost $35,000 in Wife's attorney's fees leaves Husband with little income to pay these expense and represents almost 43% of Husband's annual income, exclusive of Husband's taxation and support obligations.[1] Despite Wife's success on the custody issue, we find it would be inequitable to require him to pay this amount. *See Rogers v. Rogers*, 343 S.C. 329, 334, 540 S.E.2d 840, 842 (2001) (finding it would be inequitable to require the mother to pay a portion of the father's attorney's fees in a child support action when the fee award would represent approximately 16% of mother's annual income); *Srivastava v. Srivastava*, 411 S.C. 481, 490, 769 S.E.2d 442, 447 (Ct. App. 2015) (finding attorney's fee award was improper when it represented 90% of the wife's gross annual income and stating the "income-to-attorney's fees ratio makes it apparent that the family court did not sufficiently consider each party's ability to pay, their respective financial conditions, and the effect of the award on each party's standard of living"); *Spreeuw v. Barker*, 385 S.C. 45, 72, 682 S.E.2d 843, 857 (Ct. App. 2009) (stating "[t]ypically, [this court] would be very concerned by

---

[1] The total attorney's fees award is on a payment plan resulting in approximately $20,000 in payments annually and 75% in total.

an award of attorney's fees representing approximately 40% of [a party's] annual income" but upholding award of fees when evidence demonstrated the husband was extremely uncooperative and evasive throughout discovery and litigation). Accordingly, we reverse the $34,864.63 award of attorney's fees and remand to the family court for a recalculation of the amount of Wife's attorney's fees, taking into consideration Husband's ability to pay. *See Miteva v. Robinson*, 418 S.C. 447, 463–66, 792 S.E.2d 920, 929–30 (Ct. App. 2016) (reviewing the family court's fee award and *E.D.M.* factors and reducing the amount of attorney's fees), *cert. pending*.

2. We find the family court properly exercised its discretion when it required Husband to pay the entirety of the GAL fees incurred at trial. *See Shirley v. Shirley*, 342 S.C. 324, 341, 536 S.E.2d 427, 436 (Ct. App. 2000) ("An award of [GAL] fees lies within the sound discretion of the [family court] and will not be disturbed on appeal absent an abuse of discretion."). Husband claims the family court erred in its decision because the GAL did not follow the proper statutory procedure to exceed his authorized fee cap pursuant to section 63–3–850(A) of the South Carolina Code (2010). We find the GAL abandoned his request for additional fees in excess of the statutory cap by his concession at trial that he was only seeking payment for his time at trial and not for any fees prior to that time in excess of the statutory cap. To that end, we hold the GAL's claims for fees at trial were well-founded as he properly performed his services and was entitled to payment for his time at trial. *See Marquez v. Caudill*, 376 S.C. 229, 250, 656 S.E.2d 737, 747 (2008) (upholding family court's award of GALs' fees and agreeing with family court's determination that GALs had properly performed their services and were entitled to payment of their fees and expenses). We acknowledge the family court's consent order appointing the GAL required each party to share equally in the GAL's fees. However, the family court also ordered that the payments to the GAL were without prejudice to either party and that the court retained the authority to reallocate the payment of these fees at the final hearing. Accordingly, we hold the family court did not abuse its discretion in requiring Husband to pay the entirety of the GAL fees because the GAL was only seeking payment for fees incurred at trial, the GAL provided notice to both parties that he was seeking those fees, the GAL submitted his fee affidavit to the parties and the family court at the end of trial, and Husband had the ability to cross-examine the GAL on his entitlement to fees at trial. *See generally Nash v. Byrd*, 298 S.C. 530, 538, 381 S.E.2d 913, 917 (Ct. App. 1989) (per curiam) (finding GAL—who submitted an appellate brief, participated at oral argument, and requested an additional fee for costs and time spent on appeal—was entitled to additional fees).

3. Last, we find the family court acted within its discretion in prohibiting Husband from contacting the parties' children until Husband underwent a court-ordered psychological evaluation. *See Woodall v. Woodall*, 322 S.C. 7, 12, 471 S.E.2d 154, 158 (1996) (stating that, similar to child custody, the welfare and best interests of the child are the primary considerations in determining visitation); *Paparella v. Paparella*, 340 S.C. 186, 191, 531 S.E.2d 297, 300 (per curiam) (Ct. App. 2000) ("[V]isitation is addressed to the broad discretion of the family court and its decision will not be disturbed on appeal absent abuse."). We are aware that the decision to suspend a parent's visitation rights is one that should be used sparingly. However, we concur with the family court's conclusion that temporarily suspending Husband's visitation rights was in the children's best interests and find the family court properly exercised its discretion in suspending Husband's visitation rights until Husband complies with the family court's order. *See Nash*, 298 S.C. at 538, 381 S.E.2d at 917 (per curiam) (upholding family court's decision to conditionally suspend the father's visitation rights with his son until the father underwent court-ordered counseling).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**